765 P.2d 692

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Steven R. BENNION,
Defendant–Respondent.**

No. 17443.

Court of Appeals of Idaho.

Dec. 6, 1988.

Jim Jones, Atty. Gen., Nancy Ferris, Sp. Deputy Atty. Gen. and Deputy Pros. Atty., for City of Pocatello, for plaintiff-appellant.

Steven R. Bennion, pro se.

WALTERS, Chief Judge.

This is an appeal by the state in the prosecution of the respondent, Steven Bennion, for an alleged violation of I.C.

§ 49–641, the Idaho right-of-way statute regulating the operation of motor vehicles at intersections. The statute provides that

[w]hen two (2) vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

Bennion was cited with violation of the statute by a city police officer who investigated a collision between Bennion's automobile and another vehicle at the intersection of Alameda and Linda Streets in Pocatello, Idaho. The officer's investigation showed that Bennion had been traveling south on Alameda when he collided with a vehicle pulling onto Alameda from Linda Street, a road to the right of Bennion's direction of travel. No traffic control devices existed at the intersection at the time.

Bennion was tried before a magistrate without a jury. At the close of the state's case, the magistrate concluded that the collision did not occur at an "intersection" within the purview of I.C. § 49–641. The magistrate's conclusion was premised on his opinion that an intersection exists where two roads cross each other but not where two roads form a "T"—that is, where one of the roads (Linda Street) ends at the junction without crossing the other road (Alameda Street). As a result, the magistrate orally dismissed Bennion's citation and later entered a written order reciting his judgment that Bennion was "not guilty" of the charge.

The state appealed to the district court. The district court disagreed with the magistrate's conclusion and held that the junction of Alameda Street and Linda Street was an intersection within the scope of I.C. § 49–461. However, the district court did not stop with that determination. The district court also held that failure of the local authorities to install traffic control devices at the Alameda–Linda Street intersection nullified Bennion's citation. Consequently, the district court affirmed the magistrate's disposition of the case. The state then pursued the instant appeal from the district court's decision.

We are confronted with three issues. First, does the term "intersection" in I.C. § 49–641 apply only to a junction where two roads cross each other or does it apply also to a junction where one of the two roads terminates at the convergence of the two roads without crossing and continuing on past the other road? Next, does the absence of traffic control devices at the intersection in this case nullify Bennion's citation for failure to yield? Last, what is the effect in this appeal of an adjudication of "not guilty" made at Bennion's trial?

As we shall explain, we uphold the district court's decision that the Alameda–Linda Street junction was an intersection within the right-of-way rule expressed in I.C. § 49–641. However, we vacate the district court's further determination that the lack of traffic control devices nullified the citation issued to Steven Bennion. Finally, we characterize our opinion as advisory only, because the magistrate's adjudication that Bennion was "not guilty" precludes further prosecution of Bennion for this offense, under the double jeopardy clauses of the Idaho and United States Constitutions.

I

We begin with the question upon which the magistrate and the district court reached contrary conclusions—whether the conjunction of Alameda and Linda Streets was an intersection within the provisions of the Idaho Code regulating motor vehicle traffic. The terms "intersection" and "highway" have been defined by our legislature. I.C. § 49–529 defines an intersection as

[t]he area embraced within the prolongation or connection of lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two (2) highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.

A "highway" is defined as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for

purposes of vehicular travel." I.C. § 49–526(4). The identical definition has been given by the legislature to the term "street." Because the terms "street" and "highway" have been defined synonymously by the legislature, we deem I.C. §§ 49–529 and 49–641 applicable equally to "streets" and "highways," including the two Pocatello streets in this case.

Addressing the term "intersection," the Washington Supreme Court has stated:

> If a statute defining an intersection area is couched in plain language, the courts must not by a process of construction take upon themselves the burden of outlining such areas whenever it may seem that to follow the statute will result in inconvenience to the traveling public, or make it more difficult to follow statutory rules of the road. No trouble is encountered in the case of cross roads at right angles with each other. It is when the roads are at an acute angle with each other, or where there is a flare of one road where it enters another, or where one road enters the other on a curve, that the most serious problems are presented. Difficult and many times impractical situations may arise by following the statute, and the traveling public may become confused and not always be sure what action to take or the course to follow, thus increasing traveling hazards. But when the legislature sets the pattern, the courts if at all possible must follow it and apply the rules of the road accordingly.

*McKinney v. Preston Mill Co.,* 39 Wash.2d 681, 237 P.2d 788, 791 (1951).

■ We deem the legislative declarations to be plain and unambiguous in the context of this case. The junction of Alameda Street and Linda Street is an intersection within the scope of I.C. § 49–641. Our determination is consistent with decisions from numerous other jurisdictions that have considered conjunctions of two, non-crossing streets where one of the streets ends at the junction—such as Linda Street at its convergence with Alameda Street. *See* Annotation, *What Is a Street or Highway Intersection Within*

*Traffic Rules,* 7 A.L.R.3d 1204, §§ 9, 10 (1966). Accordingly, we uphold the district court's decision that the junction of Alameda and Linda Streets was an intersection under I.C. § 49–641.

## II

We turn next to the second part of the district court's appellate decision—the effect of the absence of traffic control devices at the intersection. The district court declared Bennion's citation "null and void" because the local authorities (the City of Pocatello) had failed "to carry out the legislative intent of the motor vehicle code" when it did not place traffic control devices at the Alameda–Linda Street intersection. The court's reasoning developed as follows.

First, the court decided that Alameda Street was a "main arterial thoroughfare" and that Linda Street "dead-ends" at Alameda. The court then turned to I.C. § 49–526(5) which defines a "through highway" as

> [e]very highway or portion thereof on which vehicular traffic is given preferential right-of-way, and at the entrance to which vehicular traffic from intersecting highways is required by law to yield the right-of-way to vehicles on such through highway in obedience to a stop sign, yield sign, or other official traffic control device, when such signs or devices are erected.

Next, the court noted that I.C. § 49–586 permits local authorities to install such traffic control devices upon highways under their jurisdictions as they may deem necessary to carry out the provisions of the motor-vehicle traffic laws. The court recognized that I.C. § 49–586 vested the local authorities with discretion to install control devices, but concluded—essentially—that the City of Pocatello had abused its discretion in not placing such devices at the intersection. Had control devices been present, the court reasoned, Bennion would have been traveling on a "through highway" and the right-of-way statute, I.C. § 49–641, would not have been applicable in this case. The court determined that the legislature did not contemplate that local authorities

would fail to install traffic control devices at the intersection of a street which "dead-ends" with an arterial thoroughfare. Because the local authorities had failed to carry out the provisions and intent of the motor vehicle act, the court declared Bennion's citation "null and void."

 We perceive a flaw in the court's reasoning. To be sure, the local authorities have discretion to install traffic control devices at intersections. But failure to install such devices does not interfere with or frustrate the legislature's intent regarding the regulation of traffic. The failure to install control devices simply triggers the application of I.C. § 49–641, expressing the legislature's intent concerning progression of motor vehicles at intersections unregulated by traffic control signs or devices.

In this light, the district court's allocation of responsibility to the City of Pocatello was improper. We vacate the court's determination that the city's failure to install traffic control devices rendered Bennion's citation null and void.

### III

Finally, we reach the double jeopardy issue in this case. In its opening brief on appeal, the state requested that we reverse the district court's decision and remand the case for entry of a judgment of conviction and for imposition of sentence. At oral argument the state altered its request and asked that the case be remanded for continuation of the trial, pointing out that the magistrate had found Bennion not guilty at the close of the state's evidence and that the trial should be allowed to continue so that Bennion might present evidence.

We are not persuaded by the state's suggestion. The burden lay in this case—a criminal prosecution—with the state. Once Bennion was found not guilty by the magistrate, he had no duty and no need to present any further evidence, on his own behalf. The prosecution of Bennion terminated when the magistrate found Bennion not guilty and dismissed the citation.

 Although we have concluded that the magistrate erred in deciding Bennion

did not fail to yield the right of way at an intersection within the meaning of I.C. § 49–641, the magistrate's "not guilty" adjudication must stand unaltered. It is well settled that even when the trial court errs in directing an acquittal at the end of the state's case, the double jeopardy clause of the United States Constitution precludes retrial of the defendant again for the same offense. *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). *See also United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). The same rule adheres under the Idaho Constitution, Art. 1, § 13. *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975). *See also State v. Huggins*, 103 Idaho 422, 648 P.2d 1135 (Ct.App.1982), *overruled on other grounds*, 105 Idaho 43, 665 P.2d 1053 (1983). To that extent therefore, our opinion today with respect to I.C. § 49–641 is advisory only. *State v. Huggins*, 105 Idaho 43, 665 P.2d 1053 (1983).

Accordingly, the decision of the district court as modified, upholding the judgment of the magistrate court acquitting the respondent Bennion of the charge of failure to yield under I.C. § 49–641, is affirmed.

BURNETT and SWANSTROM, JJ., concur.