782 P.2d 59

**Daniel LaBARGE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17639.**

Court of Appeals of Idaho.

Nov. 3, 1989.

---

Daniel LaBarge, pro se.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

This is an appeal in a post-conviction relief proceeding. Daniel LeBarge contends that the district court erred in summarily dismissing most of his claims for post-conviction relief. The order was certified for appeal under I.R.C.P. 54(b). For reasons which follow, we affirm the order.

In May 1985 Daniel LaBarge pled guilty to lewd conduct with a minor under the age of sixteen, a felony under former I.C. § 18–6607. In June 1985 the district court imposed a ten-year indeterminate sentence and retained jurisdiction so LaBarge could participate in the sex offender therapy program at the North Idaho Correctional Institute (NICI). I.C. § 19–2601(4). At the end of the 180–day retained jurisdiction period, the NICI staff provided the district court with a recommendation that LaBarge be placed in a closely supervised probation program. However, the district court did not follow the NICI recommendation; instead the court reduced LaBarge's indeterminate sentence from ten to five years and relinquished jurisdiction.

LaBarge did not appeal the judgment of conviction or subsequent order. Instead, he filed a motion under I.C.R. 35 asking for reduction of his sentence. This motion was denied and no appeal was taken. More than a year later, in June 1987, LaBarge filed a pro se petition for post-conviction relief under I.C. § 19–4901(2). The court appointed an attorney to assist LaBarge. This attorney, who had not represented LaBarge in the criminal case, filed an additional post-conviction relief petition on LaBarge's behalf. Both petitions were subsequently consolidated and submitted as a final amended petition. In the final petition, LaBarge asserted that his first counsel was ineffective because he had recommended a waiver of the preliminary hearing and a plea of guilty. LaBarge also asserted that he was not advised of the potential ramifications of retained jurisdiction. The state responded by filing a "motion for summary judgment," which was tantamount to a "motion for summary disposition" under I.C. § 19–4906. The district court granted the motion, dismissing the petition in part.[1]

■ Aside from allegations of cruel and unusual punishment, the district court concluded LaBarge had not presented any facts sufficient to support his petition for post-conviction relief. On appeal, this court must decide whether the state's summary judgment motion was properly granted. "A court cannot dismiss a petition without a hearing if there exists a material issue of fact." *Stone v. State*, 108 Idaho 822, 824, 702 P.2d 860, 862 (Ct.App.1985); *Daugherty v. State*, 102 Idaho 782, 640 P.2d 1183 (Ct.App.1982). To qualify for an evidentiary hearing, petitioner must tender a factual showing based on evidence admissible at the hearing that would entitle him to relief. *Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982). On review,

this court must find these facts are material and LaBarge is entitled to relief in order to reverse the district court's grant of dismissal. *Stone v. State, supra.*

■ First, LaBarge argues that the district court neglected to give reasons why jurisdiction was relinquished instead of following the NICI probation recommendation. From the record provided by the parties to this court, it is not clear whether such reasons were stated in the order that relinquished jurisdiction and reduced the sentence to an indeterminate five years. Regardless of the incomplete record, this Court has held that a district court is not required to enumerate the factors it analyzed in deciding to relinquish jurisdiction. *State v. Williams*, 112 Idaho 459, 732 P.2d 697 (Ct.App.1987) *review denied*, 112 Idaho 796, 736 P.2d 848 (1986); *see also State v. Nield*, 106 Idaho 665, 682 P.2d 618 (1984) (the sentencing judge is encouraged, but not mandated, to enumerate the reasons for the imposition of a particular sentence).

■ Second, LaBarge contends that he was denied effective assistance of counsel by his first court-appointed attorney. In particular, LaBarge contends that the recommendation to waive his right to a preliminary hearing and plead guilty to the charge of lewd conduct with a minor under sixteen years of age constituted ineffective assistance. The right to effective assistance of counsel is guaranteed by the United States Constitution under the Sixth Amendment and the Idaho Constitution under Article I, § 13. The United States Supreme Court has determined that the "benchmark" from which the effectiveness of counsel should be judged is whether counsel's advice so undermined the proper functioning of the adversarial process that the proceedings cannot be relied upon as having produced a proper result. *Strick-*

---

1. We note that LaBarge's final petition contained allegations of inadequate correctional treatment, framing a possible issue of cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution. The district court's partial dismissal of the petition specifically directed the state to file an answer to the cruel and unusual punishment allegation and reserved this issue for later treat-

ment. As mentioned above, a certification under I.R.C.P. 54(b) was obtained, enabling this Court to review those issues decided by the district court. This Court will not rule on the adequacy of treatment provided LaBarge by the Board of Correction. That issue must first be addressed by the district court unless it is determined to be moot.

land v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). This Court has held that, for relief to be granted, deficient performance must be established, then the "defendant must show a reasonable probability that, but for counsel's deficient performance, the result would have been different." State v. Freeman, 110 Idaho 117, 122, 714 P.2d 86, 91 (Ct.App.1986); see also State v. Simons, 112 Idaho 254, 731 P.2d 797 (Ct.App.1987). On appeal, we recognize that "advocacy is an art not a science" and the judicial system must defer to the strategic decisions made by appointed counsel on behalf of the defendant. Strickland v. Washington, supra. Here, LaBarge has failed to show any prejudice to his case from the waiver of a preliminary hearing. Neither has he identified any respect in which his plea of guilty was involuntary, other than to contend that he was not sufficiently informed of the ramifications of retained jurisdiction and the parole system.

After examination of the record of the proceedings, we deem it clear that the district judge adequately informed LaBarge of his rights and the consequences of his guilty plea, including the possibility of a sentence of life imprisonment. Before LaBarge pled guilty the court did not mention the possibility that it might retain jurisdiction for a period of several months. Neither was the possibility of probation at the end of that period mentioned. LaBarge told the court that his plea of guilty was not premised on any promises made to him. It is apparent from the record that LaBarge's lack of knowledge about the ramifications of retained jurisdiction had no effect upon the voluntariness of his plea or upon the validity of the initial sentence imposed.

Furthermore, it cannot be said that the counsel was ineffective because he failed to advise LaBarge that the court could disregard the recommendations of the NICI review committee at the end of the retained jurisdiction period. At the sentencing hearing, the district court explained that jurisdiction would be retained for 180 days while LaBarge received treatment at NICI. Additionally, the court told LaBarge that he might be granted probation after the 180 day "rider" but that decision would be made by the court after the 180–day period had lapsed. The district court was not required to proceed further and explain the consequences of relinquished jurisdiction, even though such explanation might have been desirable. In any event, the Sixth Amendment imposes no duty on counsel to inform his client of such collateral consequences of the guilty plea. See Carter v. State, 116 Idaho 468, 776 P.2d 830 (Ct.App. 1989).

■ LaBarge also asserts that he was not informed of the minimum time provisions for parole eligibility under I.C. § 20–223. LaBarge has not claimed he was unaware that the maximum possible sentence for lewd conduct was life imprisonment. Idaho Criminal Rule 11 requires that a defendant be apprised of the maximum possible penalty, as well as the minimum possible penalty, provided by law before a plea of guilty is to be accepted. Pursuant to I.C.R. 11, restrictions upon parole eligibility are not included among the enumerated consequences of which a defendant is to be informed prior to acceptance of a defendant's guilty plea. Therefore, failing to advise LaBarge that he would be required to serve at least one-third of his sentence before he became eligible for parole consideration did not affect the voluntariness of his plea. Hays v. State, 113 Idaho 736, 747 P.2d 758 (Ct.App.1988) review denied, withdrawn & affirmed, 115 Idaho 315, 766 P.2d 785 (1988). Brooks v. State, 108 Idaho 855, 702 P.2d 893 (Ct.App.1985) (review denied).

■ Finally, LaBarge alleges that he was wrongly charged with committing lewd conduct with a minor under sixteen pursuant to former I.C. § 18–6607, instead of incest pursuant to I.C. § 18–6602. Where the facts legitimately invoke more than one statute, a prosecutor is vested with a wide range of discretion in deciding what crime to prosecute. State v. Vetsch, 101 Idaho 595, 618 P.2d 773 (1980). If the prosecutor has probable cause to believe

940

that the suspect has committed the crime defined by statute, the decision to prosecute and the decision of selecting which charge to file lies within the prosecutor's discretion. *State v. Gilbert*, 112 Idaho 805, 736 P.2d 857 (Ct.App.1987) (review denied). "This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). *See also Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), *reh'g denied* 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511 (1978). Therefore, charging LaBarge with lewd conduct with a minor under sixteen years of age instead of incest did not constitute an abuse of prosecutorial discretion.

The judgment of the district court is affirmed. We remand this case for further proceedings in the event that other issues reserved by the district court remain to be addressed.

WALTERS, C.J., and BURNETT, J., concur.