784 P.2d 353

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jason PHILLIPS, Defendant–Appellant.**

No. 17649.

Court of Appeals of Idaho.

Dec. 29, 1989.

Jason Phillips, Rupert, defendant-appellant pro se (assisted at oral argument, due to his unavoidable absence, by his father H.J. Phillips).

Jim Jones, Atty. Gen., John W. Ruebelmann, Deputy Atty. Gen. (argued), Boise for plaintiff-respondent.

WALTERS, Chief Judge.

In a nonjury trial, a magistrate found Jason Phillips guilty of violating an Idaho statute that prohibited the operation of an unregistered motor vehicle. The magistrate entered judgment specifying the charge as an infraction—a decriminalized offense under Idaho law—and fined Phillips $36. The magistrate's judgment was upheld on review by the district court. We likewise affirm.

Approaching the issues submitted by Phillips in this appeal, we preliminarily make the following observations. First, Phillips has raised many issues involving factual contentions or questions of law and

procedure which were never presented for resolution either to the magistrate at the trial level or to the district court on the intermediate appeal. As to those questions (which it is unnecessary to restate in this opinion), we find no fundamental error which would justify departure from the standard that issues not first presented to the trial court or submitted in an intermediate appeal will not be reviewed by this Court. *See Gordon v. Noble,* 109 Idaho 1048, 712 P.2d 749 (Ct.App.1986); *Centers v. Yehezkeley,* 109 Idaho 216, 706 P.2d 105 (Ct.App.1985). Next, we note that Phillips has attempted to raise issues, by way of his reply brief, which are beyond those initially asserted in his opening brief on appeal. Those issues likewise will not be reviewed. I.A.R. 35(a)(4); I.A.R. 35(c); *Owen v. Boydstun,* 102 Idaho 31, 624 P.2d 413 (1981); *Harmston v. Agro–West, Inc.,* 111 Idaho 814, 727 P.2d 1242 (Ct.App.1986). Finally, consistent with I.A.R. 35(a)(6), we will not consider any issues raised implicitly in Phillips' argument but not supported by references to the transcript or record on appeal, or by citation to pertinent authority. *State v. Hoisington,* 104 Idaho 153, 657 P.2d 17 (1983); *State v. Burris,* 101 Idaho 683, 619 P.2d 1136 (1980).

As a result, we conclude that the issues properly before us may be stated as follows. Was Phillips entitled to, but deprived of, a trial before a jury? Did the trial judge err in permitting a state's witness to testify, despite an assertion that the state had not substantially complied with Phillips' requested pretrial discovery? Was there sufficient evidence presented at Phillips' trial to support the magistrate's conclusion that Phillips was guilty of failure to register a vehicle?

The following facts are relevant to the issues addressed on this appeal. On July 23, 1987, seventeen-year-old Jason Phillips was cited while operating an unregistered vehicle—his motorcycle—in Acequia, Idaho, by Minidoka County Sheriff Ray Jarvis. The sheriff, in writing the citation, referred to the offense as a violation of I.C. § 49–125(1), a misdemeanor.[1] About a month later, in August, 1987, Phillips received an additional citation from Jarvis for again operating another unregistered vehicle, this time a motorized "three-wheeler." According to the sheriff's offense report, this latter citation was issued for violation of I.C. § 49–107, an infraction.[2] In response to these citations, Phillips appeared before a magistrate, informed the court he would not hire an attorney, entered a plea· of not guilty to the charges and requested a jury trial. Later, immediately before the trial date, the record indicates the magistrate concluded that the charges in both citations should be treated as infractions which could proceed to trial before the court without a jury[3] and the

---

1. I.C. § 49–125 (redesignated in 1988 as I.C. § 49–456) provided:

      It shall be unlawful for any person ...
      1. To operate or for the owner thereof to permit the operation upon a highway of any motor vehicle, trailer or semi-trailer which is not registered and which does not have attached thereto and displayed thereon the number plate or plates assigned thereto for the current registration year,
      . . . .

2. I.C. § 49–107 (amended in 1988 and redesignated as I.C. § 49–441) provided in relevant part:

      a. Every owner of a motor vehicle, trailer or semi-trailer who intends to operate the same upon any highway in this state shall before the same is so operated, apply to a county assessor and obtain the registration thereof, except the owner of any vehicle which is exempted by section 49–108, Idaho Code. . . .

    ·    ·    ·    ·    ·

      e. A violation of the provisions of subsection a. of this section shall be an infraction. I.C. § 49–108, referred to in I.C. § 49–107(a), provided an exemption from registration for "[m]otorcycles ... while being used exclusively in connection with agricultural, horticultural, dairy and livestock growing and feeding operations. Travel upon the public highways shall be limited to travel between farm or ranch locations." Section 49–108 was redesignated in 1988 as I.C. § 49–426(2).

      Throughout this opinion we will refer to the relevant statutes by their numerical designations in the Idaho Code in 1987, the year Phillips received his citations.

3. *See* I.C. § 18–111; I.C. § 19–1902; I.C. § 49–3401(3) (repealed, 1988 Idaho Sess. Laws, ch. 265, p. 549, § 502, p. 832, effective January 1, 1989); I.I.R. 7; *State v. Bennion,* 112 Idaho 32, 730 P.2d 952 (1986).

parties were so advised by the magistrate. The record contains no further objection by Phillips to proceeding with a nonjury trial.

At the trial, Sheriff Jarvis was called as the state's first witness. Phillips objected to the use of Jarvis as a witness on the ground that the state had failed to provide to Phillips a list of witnesses, including Jarvis' name, in response to a pretrial discovery request made by Phillips. After reviewing documents given by the prosecutor to Phillips in advance of trial, naming Jarvis as a witness, the magistrate allowed Jarvis to testify. Following presentation of the state's case, the prosecutor moved to amend the July 23 citation to show the charge under I.C. § 49–107 as an infraction, not as a misdemeanor under I.C. § 49–125(1)—the code section the sheriff had written into his citation. The magistrate granted the state's request. At this point, Phillips himself voiced no objection, but his father who was present during the proceedings disputed the court's ruling. The elder Phillips argued that if the citation charged a misdemeanor, then his son should have had a jury trial. The magistrate disagreed, reminding the parties that they had been notified before the trial that the case would proceed on the basis of charged infractions. The magistrate essentially explained that he viewed the inconsistency between I.C. § 49–107 and I.C. § 49–125 as an oversight by the legislature in not repealing the provisions of the latter statute when making I.C. § 49–107 an infraction. The magistrate also noted that because the two statutes provided differing penalties—a $36 fine for violation of I.C. § 49–107, and a $300 fine together with six months in jail for violating I.C. § 49–125—the defendant was entitled to the benefit of proceeding under the charge carrying the lesser penalty.

After this explanation by the magistrate, Jason Phillips presented his evidence in defense. As to the first citation, he submitted evidence that he was temporarily employed at a dairy farm on July 23, rebuilding the roof of a barn. The thrust of his defense was that he was riding the motorcycle to work and, under I.C. § 49–108, quoted at note 2, *supra*, the vehicle was exempt from registration because it was being used in connection with an agricultural or dairy operation. As to the second citation, issued in August, Phillips presented evidence that on the date of the citation, his three-wheeler was inoperable due to a flat tire. This evidence contradicted the testimony of a witness other than Sheriff Jarvis, called by the state, who testified he had observed Phillips riding his three-wheeler on the streets of Acequia during the day in question.[4]

At the conclusion of the trial, the magistrate found Phillips not guilty of the charge in the second citation, but guilty of the charge in the first citation and fined him $36. As noted, the magistrate's judgment was upheld on appeal to the district court.

## JURY TRIAL

We turn first to the question whether Phillips should have received a jury trial. Unless the right to a jury is waived, a defendant in a criminal prosecution is entitled to a trial by jury. Idaho Const. Art. 1, § 7; I.C. § 19–1902; *State v. Wheeler*, 114 Idaho 97, 753 P.2d 833 (Ct.App.1988). However, the right to a jury does not exist with respect to an offense tried as an infraction.[5] Here, the record is clear that Phillips was tried for infractions and not for any misdemeanor which would implicate the right to a jury. It appears that—at the commencement of the trial—everyone concerned understood that the trial would encompass infractions only. No objection was raised by Phillips to the state's proceeding on that basis and, moreover, we are not persuaded that Phillips was vested with any right to choose whether he should be tried as a misdemeanant or as an infrac-

---

4. As to the three-wheeler incident, the sheriff testified that he did not observe Jason riding the vehicle, he simply responded to reports from other individuals and later had a deputy deliver the citation to Jason at his home.

5. See authorities cited in n. 3, *supra.*

tion offender. The right to such an election lay, instead, with the state. As we recently held in *LaBarge v. State*, 116 Idaho 936, 782 P.2d 59 (1989), "Where the facts legitimately invoke more than one statute, a prosecutor is vested with a wide range of discretion in deciding what crime to prosecute." *Id.* at 939, 782 P.2d at 62, *citing State v. Vetsch*, 101 Idaho 595, 618 P.2d 773 (1980) and *State v. Gilbert*, 112 Idaho 805, 736 P.2d 857 (Ct.App.1987) (review denied). The same principle logically applies to a situation where, as in this case, the defendant's alleged conduct could be deemed in violation either of a misdemeanor statute or of a statute declaring the offense to be an infraction. No doubt, the prosecutor's request (characterized as a "housekeeping" measure) at the close of the state's case—for amendment of the citation in order to recite the correct statute under which the action was proceeding—served to renew attention to the difference between the statute charged and the statute under which the prosecution was being pursued. However, the amendment did not change the magistrate's prior declaration that Phillips was being prosecuted for infractions. We hold that Phillips was not deprived of any right to a jury trial, since that right simply did not exist under the circumstances of this case.

## DISCOVERY

█ Phillips next argues that the magistrate erred in determining that the state had substantially complied with a discovery rule (I.C.R. 16) in providing Phillips with the names of prospective witnesses in the case. There is no question that the discovery rule in criminal cases applies to infraction prosecutions. *See* I.I.R. 1 and I.M.C.R. 1. It will be recalled that Phillips was charged under two separate citations. The charges were scheduled for a single trial. The record discloses that, in response to Phillips' pretrial discovery request, the prosecutor provided Phillips with copies of all documents in the prosecutor's files relating to both citations. At the trial, Phillips objected on the ground of discovery noncompliance when the state called Sheriff Jarvis as its witness. The magistrate reviewed the documentation given to Phillips by the prosecutor before the trial. The documents included "offense reports" relating to the two charges on trial before the court. Under sections denominated "witnesses," one report listed the name of Sheriff Ray Jarvis; the other report listed the names of two other individuals (who later were called to testify during Phillips' trial without objection from Phillips). When the magistrate decided that the state had complied substantially with Phillips' discovery request, Phillips did not contend or demonstrate that he had been prejudiced in any way as a result of the prosecutor's pretrial disclosure.

Of course, the better practice would have been for the prosecutor to give Phillips a complete list of all known witnesses in each case—conforming literally to the requirements of I.C.R. 16(b)(6). However, because the aggregate disclosure did include the witness in question, and because Phillips did not demonstrate any prejudice, we uphold the magistrate's decision that substantial compliance with the rule was sufficient. *See e.g. State v. Marek*, 112 Idaho 860, 736 P.2d 1314 (1987) (lack of showing prejudice from failure to comply with discovery request renders error, if any, harmless). *See also* I.C. § 19–3702.

## SUFFICIENCY OF EVIDENCE

█ Finally, we turn to a substantive question in this case: whether the evidence was sufficient to support the magistrate's finding that Phillips was guilty of failing to register his motorcycle. Even though this case involved prosecution of an infraction, a decriminalized offense, the state still had the burden of establishing guilt beyond a reasonable doubt, I.I.R. 7. Accordingly, we will review this issue under the same standards applicable to criminal convictions in general.

█ Such review is limited in scope. A judgment of conviction will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v.*

*Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson,* 101 Idaho 381, 613 P.2d 938 (1980). Also, we are precluded from substituting our judgment for that of the trier of fact as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). Finally, we view the evidence in the light most favorable to the respondent. *State v. Fenley,* 103 Idaho 199, 646 P.2d 441 (Ct.App.1982).

■ Here there is no dispute in the evidence that Phillips was operating his motorcycle on July 23, 1987, while the vehicle was not currently registered (a fact admitted by Phillips to Sheriff Jarvis). In fact, the vehicle displayed expired license plates from the year 1983. Once the state presented a prima facie case showing the motorcycle was unregistered, Phillips—by affirmatively asserting as a defense that the vehicle was exempt from registration—assumed the burden of presenting facts sufficient for the trial judge to find the vehicle was indeed exempt. *See generally,* 7A AM.JUR.2D, *Automobiles and Highway Traffic* § 92 p. 268 (1980); *People v. Rockwell,* 123 N.Y.S.2d 201 (N.Y.Co.Ct. 1953). *See also* ANNOTS. *Motor Vehicle Registration—Exemption,* 27 A.L.R.4th 843 (1984) and 91 A.L.R. 422 (1934). After listening to the evidence, the magistrate concluded that the motorcycle operated on July 23, 1987, was not being utilized exclusively in the pursuit of agricultural ventures as contemplated by I.C. § 49–108.

■ The evidence in the record that supports the magistrate's determination is as follows. When he was cited, Phillips was operating the motorcycle, not on a farm or on a road between farms, but on a public roadway in Acequia.[6] The use of the motorcycle for transportation in town was corroborated by another witness called by the state who testified he had observed Phillips ride back and forth three times on the streets in Acequia on his motorcycle before Sheriff Jarvis arrived. Another witness (the dairy farmer who employed Phillips to put tin on a barn roof) testified that Phillips never rode his motorcycle to work but instead drove a truck each day, including July 23, 1987, when he showed up late for work after receiving the "ticket." Finally, Phillips' own father testified that because of complaints from "city fathers" in Acequia, he had told his sons, with respect to riding motorcycles, that he "didn't think there was any reason for your riding anywhere in town, and that you should reserve your riding to the canal banks and to our own yard."

Upon review of the trial record, we conclude there is substantial evidence from which the magistrate could find that Phillips' motorcycle was not exempt from registration and that, beyond a reasonable doubt, Phillips was guilty of the infraction of failure to register his vehicle before operating it. The magistrate's determination was based upon conflicting evidence and was subject to the magistrate's consideration of the credibility of the witnesses and the weight to be given to their testimony, matters which—as noted above—are within the trial judge's domain.

Therefore, we affirm the decision of the district court upholding the magistrate's judgment.

BURNETT, J., and WESTON, J., Pro Tem., concur.

**6.** Phillips argues that I.C. §§ 49–107 or 49–125, whichever is applicable, prohibits only the operation of an unregistered vehicle upon "highways" and that the city streets in Acequia are not public highways. This argument is specious. *See State v. Bennion,* 115 Idaho 181, 765 P.2d 692 (Ct.App.1988) ("highways" and city "streets" are synonymous under the motor vehicle code).