27 P.3d 417

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Miguel HERNANDEZ, Defendant–Appellant.**

No. 25648.

Court of Appeals of Idaho.

May 15, 2001.

Review Denied June 22, 2001.

Greg S. Silvey, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Miguel Hernandez appeals from his judgment of conviction and sentence for conspiracy to traffic in methamphetamine. We affirm Hernandez's judgment of conviction, but vacate and remand for resentencing.

# I.

## BACKGROUND

In July 1998, Hernandez was charged with conspiracy to traffic in methamphetamine. On August 6, 1998, the charging information was filed with the district court. Hernandez pled not guilty, and a trial date was set. Two weeks before the scheduled trial date of October 14, 1998, counsel for Hernandez filed a motion to withdraw. The district court granted the motion and ordered Hernandez to obtain new legal counsel at his own expense. The district court then rescheduled the trial for November 17, 1998. Two weeks before the scheduled trial date, Hernandez filed a motion for appointment of a public defender. The district court granted the motion and rescheduled the trial for December 15, 1998. One day before the scheduled trial date, Hernandez moved for a continuance. The district court again rescheduled the trial for January 26, 1999. On January 25, 1999, Hernandez again moved for a continuance, and the district court agreed to reschedule the trial for February 10, 1999.

On January 27, 1999, Hernandez filed a motion to dismiss for violation of his speedy trial rights under I.C. § 19–3501(2). At the hearing on the motion to dismiss, the district court explained that it had been prepared to set the trial for the last week of January 1999, but the state had requested a continuance from that particular time period because of the unavailability of the state's witnesses. The district court denied Hernandez's motion to dismiss. A trial was eventually held on February 17, 1999.[1] The jury found Hernandez guilty of the charged offense, and the district court sentenced Hernandez to a unified term of twenty years, with a minimum period of confinement of ten years, and imposed a fine of $25,000. Hernandez appeals.

# II.

## ANALYSIS

### A. Motion to Dismiss

On appeal, Hernandez argues that his speedy trial rights under I.C. § 19–3501(2)

---

1. The record does not reveal why the trial was not held on February 10, 1999.

were violated and that the district court therefore erred in denying his motion to dismiss. Whether there was an infringement of Hernandez's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id.*

 Idaho Code Section 19–3501 sets specific time limits within which a criminal defendant must be brought to trial, and provides:

The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

1. When a person has been held to answer for a public offense, if an indictment or information is not found against him and filed with the court within six (6) months from the date of his arrest.

2. If a defendant, *whose trial has not been postponed upon his application,* is not brought to trial within six (6) months from the date that the indictment or information is filed with the court.

3. If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.

(Emphasis added.). Under I.C. § 19–3501, criminal defendants are given additional protection beyond what is required by the United States and Idaho Constitutions. *Clark*, 135 Idaho at 258, 16 P.3d at 934. Idaho Code Section 19–3501 mandates that, unless the state can demonstrate "good cause" for a delay greater than six months, the court must dismiss the case. "[G]ood cause means that there is a substantial reason that rises to the level of a legal excuse for the delay." *Clark*, 135 Idaho at 260, 16 P.3d at 936. In determining whether good cause exists, the district court may consider the following additional factors insofar as they bear on the sufficiency or strength of the reason for the delay: (1) the length of the delay; (2) whether the defendant asserted the right to a speedy trial; and (3) the prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Clark*, 135 Idaho at 258–60, 16 P.3d at 934–36. If the reason for the delay is sufficient, these factors are not needed; if the reason for the delay is insufficient, the other factors will not avail to avoid dismissal. *See Clark*, 135 Idaho at 260, 16 P.3d at 936.

 The record in the instant case reveals that Hernandez's trial was held eleven days after the six-month time period in I.C. § 19–3501(2) had expired. First, the delay was attributable to two continuances requested by Hernandez on the day before his previously scheduled trial dates. Second, the delay was partially attributable to the unavailability of the state's witnesses during the last week of January 1999, which was shortly before the expiration of the time period prescribed in I.C. § 19–3501.[2] However, the unavailability of witnesses would not have been an issue if Hernandez had not requested a second continuance on January 25, 1999, which was only twelve days before the end of the six-month time period. Lastly, part of the delay was attributable to Hernandez's decision to discharge his attorney[3] and request appointment of new counsel two weeks before one of the scheduled trial dates. *See State v. Reutzel*, 130 Idaho 88, 94, 936 P.2d 1330, 1336 (Ct.App.1997) (decision to discharge attorney and request appointment constituted good cause for delay). The reasons for the delays of his trial can be attributed to Hernandez's own actions. The fact that Hernandez was responsible for the delay weighs heavily against his claim for re-

---

2. Hernandez does not challenge the district court's finding that the witnesses were unavailable during the last week of January 1999.

3. Hernandez asserts on appeal that this decision to discharge his attorney was based upon his discovery that his attorney was married to one of the prosecutors. However, the personal affidavit of Hernandez's first attorney, which accompanied the attorney's motion to withdraw, indicated that the sole reason for the withdrawal was Hernandez's dissatisfaction with the assistance provided by his attorney.

lief. *See Reutzel,* 130 Idaho at 94, 936 P.2d at 1336; *see also State v. Higgins,* 122 Idaho 590, 603, 836 P.2d 536, 549 (1992); *State v. Talmage,* 104 Idaho 249, 253, 658 P.2d 920, 924 (1983).

■ In considering the four *Barker* factors, insofar as they bear on the sufficiency of the reasons for the delay, we note that the length of the delay of Hernandez's trial was relatively short—eleven days—and that Hernandez has not argued on appeal that he was prejudiced in any way by the delay. If the delay has been a short one or if the defendant has not been prejudiced, a weaker reason for the delay in bringing the defendant to trial will constitute good cause for purposes of I.C. § 19–3501. *See Clark,* 135 Idaho at 260, 16 P.3d at 936. We conclude that the reasons for the delay of Hernandez's trial were substantial and rose to the level of a legal excuse for the delay. Consequently, the district court did not err in determining that there was good cause for the delay of Hernandez's trial and in denying Hernandez's motion to dismiss.

### B. Sentence Review

■ Hernandez also argues that the district court abused its discretion in imposing a mandatory minimum sentence for his conviction of conspiracy to traffic in methamphetamine. Hernandez contends that the district court erroneously concluded that its sentencing discretion was limited by a statutory provision for a mandatory minimum sentence in his case. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In the instant case, Hernandez was charged with conspiring to traffic in 400 grams or more of methamphetamine. The act of trafficking in methamphetamine is prohibited by I.C. § 37–2732B(a)(4)(C) of the Uniform Controlled Substances Act. In charging Hernandez with *conspiracy* under the Uniform Controlled Substances Act, the state was required to choose between two alternative statutes, both of which proscribed the same conduct under the facts of this case.

The first alternative available to the state was to charge Hernandez under I.C. § 37–2732B(b). That statute provides: "Any person who agrees, conspires, combines or confederates with another person or solicits another person to commit any act prohibited in subsection (a) of this section is guilty of a felony and is punishable as if he had actually committed such prohibited act." I.C. § 37–2732B(b). Trafficking in 400 grams or more of methamphetamine is an act prohibited by subsection (a) of I.C. § 37–2732B and is punishable by a maximum sentence of life and a mandatory minimum sentence of ten years. I.C. § 37–2732B(a)(4)(C). Therefore, under I.C. § 37–2732B(b), conspiring to traffic in 400 or more grams of methamphetamine is likewise punishable by a maximum sentence of life and a mandatory minimum sentence of ten years.

The second alternative available to the state was to charge Hernandez under I.C. § 37–2732(f). That statute provides: "If two (2) or more persons conspire to commit any offense defined in this act, said persons shall be punishable by a fine or imprisonment, or both, which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy." I.C. § 37–2732(f). The phrase "this act" in I.C. § 37–2732(f) refers to the Uniform Controlled Substances Act compiled as I.C. §§ 37–2701 to –2751. *See* Compiler's Notes, I.C. § 37–2701. Trafficking in 400 or more grams of methamphetamine is an offense defined in the Uniform Controlled Substances Act. Under I.C. § 37–2732(f), conspiring to traffic in 400 or more grams of methamphetamine is punishable by a sentence of not more than the maximum punishment for the prescribed act, which is a life

sentence under I.C. § 37–2732B(a)(4)(C). However, Idaho Code Section 37–2732(f) does not impose a mandatory minimum sentence.

The state argues on appeal that I.C. § 37–2732B(b) "superseded" I.C. § 37–2732(f) for all criminal acts prohibited by I.C. § 37–2732B(a), which includes trafficking in methamphetamine. The state contends that the legislature accomplished this by the introductory language of I.C. § 37–2732B(a). However, the introductory language applies only to those crimes listed in subsection (a) of I.C. § 37–2732B. There is no indication that the introductory language of subsection (a) applies in any way to subsection (b) of that same statute. Moreover, I.C. § 37–2732(f) specifically refers to "any offense" defined in the Uniform Controlled Substances Act. Consequently, the state was required to choose between two alternative statutes—I.C. § 37–2732(f) and I.C. § 37–2732B(b)—both of which proscribed the same conduct under the facts of this case.

▬▬ It is established in Idaho that a prosecutor has discretion in determining what charge to file against a defendant. *State v. Payan,* 132 Idaho 614, 617, 977 P.2d 228, 231 (Ct.App.1998). "Where the facts legitimately invoke more than one statute, a prosecutor is vested with a wide range of discretion in deciding what crime to prosecute." *LaBarge v. State,* 116 Idaho 936, 939, 782 P.2d 59, 62 (Ct.App.1989). Prosecutors necessarily must choose between statutes with varying sentencing schemes each time a defendant's actions satisfy the elements of more than one statute. *Payan,* 132 Idaho at 617, 977 P.2d at 231. The discretion of a prosecutor to choose between two statutes which proscribe the same conduct, but provide for different penalties, does not generally violate the state or federal constitution. *See id.*

▬▬ In exercising the discretion to choose between two statutes under the facts of this case, the prosecutor chose to charge Hernandez with conspiracy in violation of

I.C. § 37–2732(f). The information charging Hernandez with conspiracy provided, in pertinent part, the following:

> ALFONSO GARIBAY and MIGUEL HERNANDEZ is accused by this information of the crime of CONSPIRACY TO TRAFFIC IN METHAMPHETAMINE, Idaho Code § 37–2732B(a)(3)(C)[4] and § 37–2732(f), was committed as follows, to-wit:
>
> That the said ALFONSO GARIBAY and MIGUEL HERNANDEZ in the County of Bannock, State of Idaho, on or about the 2nd day of July, 1998, did then and there unlawfully conspire with each other and/or deliver; and/or bring into the state of Idaho four hundred (400) grams or more of Methamphetamine, a controlled substance, or of any mixture or substance containing a detectable amount of methamphetamine.

By specifically charging Hernandez under I.C. § 37–2732(f), the state effectively chose the sentencing structure imposed by that statute and placed Hernandez on notice of the possible penalties associated with the charge. Thus, Hernandez was placed on notice that he would be subject to a maximum sentence of life in prison. Because I.C. § 37–2732(f) does not impose a mandatory minimum sentence, Hernandez was not placed on notice by the information that he would be subject to the ten-year minimum sentence eventually imposed by the district court. Prior to sentencing, the record is silent as to whether Hernandez was ever told that the ten-year mandatory sentence would apply in his case. Moreover, the transcript of the sentencing hearing indicates that he was *not* so notified.

The state chose to charge Hernandez under I.C. § 37–2732(f) and not I.C. § 37–2732B(b). Therefore, the state is bound by such a choice. Thus, the district court erroneously concluded that its sentencing discretion was limited by the mandatory minimum sentence imposed by I.C. § 37–2732B(b). Because of its erroneous conclusion, the district court misperceived the boundaries of its sentencing discretion.

---

4. This subsection was renumbered to I.C. § 37–2732B(a)(4)(C) by an amendment to the statute after Hernandez was charged with the instant

offense. 1999 Idaho Sess. Laws, ch. 143, § 2 at 410.

### III.

### CONCLUSION

For the foregoing reasons, the district court did not err in denying Hernandez's motion to dismiss. We conclude that the district court misperceived the boundaries of its sentencing discretion. Therefore, Hernandez's judgment of conviction is affirmed, but his sentence is vacated and the case is remanded for resentencing.

Chief Judge SCHWARTZMAN and Judge LANSING, concur.