**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35301**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2009 Opinion No. 38 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 15, 2009 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GILBERT LIVAS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge. Hon. Michael J. Reardon, Magistrate.

Decision of the district court on appeal from the magistrate division affirming order denying motion to dismiss, <u>affirmed</u>.

Hawley, Troxell, Ennis & Hawley; Michelle R. Points, Boise, for appellant. Michelle R. Points argued.
Nevin, Benjamin, McKay & Bartlett, LLP; Michael J. Bartlett, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

_____

SCHWARTZMAN, Judge Pro Tem

Gilbert Livas appeals from the district court's appellate decision affirming the magistrate's order denying his motion to dismiss for a violation of his statutory speedy trial right. We affirm.

**I.**

**FACTS AND PROCEDURE**

On September 9, 2006, Livas was arrested for driving under the influence of alcohol. Five days later, he pleaded not guilty and demanded that his trial be set within the statutory speedy trial period which would run on March 14, 2007. A jury trial was scheduled for November 6 and the pre-trial conference was set for October 10.

1

On October 10, Livas filed a motion to suppress all of the evidence obtained following his traffic stop. The court minutes reflect that the November 6 trial date was vacated, to be reset to sometime in December. An evidentiary hearing was eventually noticed up for November 29, and on November 16, the magistrate reset the jury trial to begin on December 12. However, on November 29, the parties, through counsel, met in chambers and the court reset the evidentiary hearing on Livas's motion to suppress to December 11. At the same time, the magistrate vacated the December 12 trial date.[1]

At the end of the evidentiary hearing on December 11, the court gave each party a week to file supplemental briefing. On December 27, the magistrate denied Livas's motion to suppress in a written order. Livas subsequently filed a motion to reconsider on January 4, 2007.[2] On February 2, the court clerk scheduled a hearing on the motion for February 16. After the hearing, Livas filed additional briefing on February 23 with the state responding on March 2.

On April 4, the magistrate denied Livas's motion to reconsider. A pre-trial conference was scheduled for June 22 and the trial was now set for July 24. Livas then filed a motion to dismiss for a violation of his statutory speedy trial rights, which the trial court ultimately denied. Livas entered a conditional guilty plea and appealed the denial of his motion to suppress and motion to dismiss to the district court. The district court affirmed the magistrate's denial of both motions. Livas appeals, challenging only the denial of his motion to dismiss.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow

---

[1] There is no record as to why the magistrate vacated the trial. However, it is apparent that the trial would need to be moved to accommodate the motion to suppress. No objections were registered to this court action.

[2] There is also nothing in the record regarding if or when Livas ever filed a notice of hearing on this motion.

therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.*

Livas moved to dismiss this case on the ground that he was deprived of his statutory right to a speedy trial. Idaho Code Section 19-3501(4) provides as follows:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
>
> . . . .
>
> (4) If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.

Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). While we defer to the trial court's findings of fact if supported by substantial and competent evidence, we exercise free review of the trial court's conclusions of law. *Id.* When a defendant who invokes his statutory speedy trial rights is not brought to trial within six months and shows that trial was not postponed at his request, the burden then shifts to the state to demonstrate good cause for the court to decline to dismiss an action. *State v. Rodriguez-Perez*, 129 Idaho 29, 38, 921 P.2d 206, 215 (Ct. App. 1996).

"Good cause" means that there was a substantial reason for the delay that rises to the level of a legal excuse. *State v. Young*, 136 Idaho 113, 116, 29 P.3d 949, 952 (2001); *Clark*, 135 Idaho at 260, 16 P.3d at 936. Analysis of whether there was good cause for a statutory speedy trial violation is not simply a determination of who was responsible for the delay and how long the case has been pending. *Young*, 136 Idaho at 116, 29 P.3d at 952. Rather, the analysis should focus upon the reason for the delay. *Id.* But the reason for the delay cannot be evaluated entirely in a vacuum and a good cause determination may take into account the additional factors listed in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See Clark*, 135 Idaho at 260, 16 P.3d at 936. Thus, insofar as they bear on the sufficiency or strength of the reason for the delay, a court may consider (1) the length of the delay; (2) whether the defendant asserted the right to a speedy trial; and (3) the prejudice to the defendant. However, the reason for the delay lies at the heart of a good cause determination under I.C. § 19-3501. *Id.*

The ultimate question of whether legal excuse has been shown is a matter for judicial determination upon the facts and circumstances of each case. A trial judge does not have

unbridled discretion to find good cause, however, and on appeal we will independently review the lower court's exercise of discretion. *Id*.

In denying Livas's motion to dismiss, the magistrate held that by filing a motion to suppress and a motion to reconsider the denial of that motion, it was Livas who effectively postponed his trial past the six-month mark, concluding that trial was delayed upon Livas's "application." The court also stated that even if it were to find otherwise, "good cause" existed for the delay and that Livas had not shown prejudice arising from the postponement. While not stated explicitly, the good cause found by the court appears to be that additional time was necessary to adjudicate Livas's motion to suppress and motion for reconsideration.

On appeal, the district court agreed with the magistrate that: (1) it was Livas's filing of pretrial motions that "clearly caused the delay in setting his trial" and (2) that the trial court's need to resolve these motions constituted "good cause" to justify continuation of the case past the six-month mark. Specifically, as relevant to the issue of good cause, the court stated:

> Livas' [m]otion clearly caused the delay in setting his trial. The State did not file the motions, Livas did. Livas raised important challenges to the admissibility of the evidence and had he won the motions, most likely the case would have been dismissed. The Motion to Suppress and Motion for Reconsideration postponed the trial, not once but twice. Furthermore, in his Motion for Reconsideration, Livas actually [suggested the possibility] the Magistrate . . . stay his criminal case if he should decide to appeal.
>
> By the time all the motions and supporting memoranda had been filed there were only twelve days before the six months would have run and the Magistrate's decision itself was not issued until twenty-one days *after* the six months had run. The Magistrate found that the delay was caused by Livas' pretrial motions and that the amount of time the court took to resolve those motions was not excessive. This Court agrees. The need to resolve legitimate pretrial motions is "a substantial reason that rises to the level of a legal excuse for the delay." *State v. Clark*, 135 Idaho 255, 260, 16 P.3d 931, 936 (2000).
>
> . . . In this case, the trial was delayed beyond the six-month period because Livas filed important pretrial motions that may have resolved the case. By upholding the trial court's ruling that Livas' motions amounted to an application for postponement or "good cause," this does not affect a defendant's constitutional right to challenge the admissibility of evidence as suggested by Livas. It simply means that if the defendant does move to suppress or files pretrial motions, he cannot use those to delay trial and then assert speedy trial as a sword.
>
> The facts in this case are similar to those in *State v. Young*, 136 Idaho 113, 29 P.3d 949 (2001). Young's trial was delayed beyond the six month statutory period because the state unsuccessfully filed an interlocutory appeal from the

district court's order granting Young's motion in limine. The district judge granted Young's Motion to Dismiss due to the violation of the speedy trial statute.

On appeal, the Idaho Supreme Court held that the state's legitimate, good faith attempt at an interlocutory appeal was good cause for the delay. Like Young, Livas' trial was delayed beyond the six-month period because he wanted the Magistrate to suppress the evidence arguing his constitutional rights had been violated. Clearly when his first Motion was filed, it caused the trial to be moved, not once but twice. Then Livas asked the Magistrate to reconsider his decision and set the matter for hearing.

Again, the cause for the delay was his Motion for Reconsideration raising important constitutional issues. In his Motion, Livas even suggested that he was going to file an interlocutory appeal from the Magistrate's order and requested the trial court stay the entire proceedings in that event. Like the case in *Young*, had he been successful in suppressing the evidence, the case would have been dismissed with prejudice, and the State could have filed an interlocutory appeal. Clearly, like the facts in *Young*, the reason for the delay rises to the level of legal excuse for the delay. If the State's appeal from a trial court ruling operates as good cause justifying a delay in trial beyond the six month period, clearly a defendant's motion practice involving such an important issue is good cause. A motion to suppress is a critical motion going to the heart of the case.

Furthermore, an analysis of the three remaining *Barker* factors as they relate to the sufficiency of the reason for the delay supports a finding of good cause. Although the length of the delay was significant (four months), the other *Barker* factors suggest that the need to resolve the pretrial motions was a sufficient reason for delay. After Livas' initial not guilty plea and demand for a jury trial, Livas did not object to the court's scheduling or point out any possible problem with the pace of the case. In fact, he even suggested the court stay the proceedings if he decided to appeal the court's suppression ruling. Furthermore, Livas was not prejudiced by the delay. "If the defendant . . . has not been prejudiced, a weaker reason for the delay in bringing the defendant to trial will constitute good cause [for purposes of I.C. § 19-3501]." [*State v. Hernandez*, 136 Idaho 8, 11, 27 P.3d 417, 420 (Ct. App. 2001)].[3]

---

[3] In *Hernandez*, where the trial was held eleven days after the statutory six-month period expired, we examined whether there was good cause for the delay. We noted that the delay was attributed to: (1) two continuances requested by Hernandez on the day before his previously scheduled trial dates, (2) the unavailability of the state's witnesses during the last week of January 1999, shortly before the time period prescribed in I.C. § 19-3501 (which would not have been an issue if Hernandez would not have requested a second continuance only twelve days before the end of the six-month time period), and (3) Hernandez's decision to discharge his attorney and request appointment of new counsel two weeks before one of the scheduled trial dates. We noted that since the reasons for the delay of his trial could be attributed to his own actions, this factor weighed heavily against his claim for relief. We then concluded our analysis, stating:

Because we hold that there was good cause for the delay, we do not address the state's argument that the six-month period specified by I.C. § 19-3501 does not apply because the trial had been postponed upon Livas's "application." *See State v. Young*, 136 Idaho 113, 116 n.2, 29 P.3d 949, 952 n.2 (2001). We find the district court's reasoning to be persuasive on the issue of good cause being shown before the magistrate. Further, we analogize this case to the situation in *State v. Dillard*, 110 Idaho 834, 843, 718 P.2d 1272, 1281 (Ct. App. 1986), where we found good cause for commencing Dillard's trial past the statutory speedy trial date. There, the speedy trial period expired on September 20, but on August 5, the trial court scheduled trial to commence on October 13. On August 25, Dillard moved for the appointment of an out-of-state expert to further assist in presenting a mental illness defense. A hearing on the motion was held on September 9, and the motion was granted on September 11--only nine days before the statutory speedy trial period would expire. Under these circumstances, we concluded that there existed good cause for the delay, stating that:

> [W]e believe the continuous development of Dillard's mental illness defense, including the appointment of an additional expert . . . cannot be ignored, in the interest of providing Dillard with his defense and a fair trial. Also, we believe it would have been unreasonable to expect Dillard to be prepared for trial by September 20, when [the expert] was only appointed on September 11. We conclude the "good cause" existed for not holding Dillard's trial within the six months required by I.C. § 19-3501(2).

*Id*.

As in *Dillard*, the continuous development of Livas's suppression motion cannot be ignored, in the interest of providing him with the opportunity to present a sound defense. Our speedy trial standards recognize that pretrial delay is often both inevitable and wholly justifiable for reasons that include the parties' need to pursue or oppose important pretrial motions. *See*

---

> In considering the four *Barker* factors, insofar as they bear on the sufficiency of the reason for the delay, we note that the length of the delay in Hernandez's trial was relatively short--eleven days--and that Hernandez has not argued on appeal that he was prejudiced in any way by the delay. . . . We conclude that the reasons for the delay of Hernandez's trial were substantial and rose to the level of a legal excuse for the delay.

*Id*. at 11, 27 P.3d at 420.

*State v. Avila*, 143 Idaho 849, 853, 153 P.3d 1195, 1199 (Ct. App. 2006). Thus, it would have been unreasonable to expect the parties to be prepared for trial by March 14 when Livas's final brief was not submitted until February 23 and the state's last response was filed on March 2, without even taking into consideration the fact that the court's final decision was not issued until April 4. Such need to resolve the critical motion to suppress provides a substantial reason that rises to the level of legal cause or excuse for the delay.[4] Accordingly, we hold that "good cause" existed for not holding Livas's trial within six months as required by I.C. § 19-3501(4).

The decision of the district court on appeal from the magistrate division affirming the order denying defendant's motion to dismiss is affirmed.

Judge PERRY and Judge GRATTON **CONCUR**.

---

[4] Our conclusion in this case should not be interpreted as precluding either the trial court or prosecuting attorney from making specific inquiry regarding the timing of a defendant's motion in relation to his/her statutory right to speedy trial. In fact, good practice would demand as much.