825 P.2d 74

**STATE of Idaho, Plaintiff-appellant,**

v.

**Roger Lyle CHAPMAN, Defendant-respondent.**

No. 19391.

Supreme Court of Idaho,
Lewiston, October 1991 Term.

Jan. 13, 1992.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-appellant.

Robert E. Kinney, Orofino, for defendant-respondent.

BAKES, Chief Justice.

This case is a review of a decision of the Idaho Court of Appeals, 121 Idaho 364, 825 P.2d 87, in which the Court of Appeals reversed the district court's order granting the defendant-respondent, Roger Lyle Chapman, probation. Chapman was originally convicted of battery with intent to commit rape and was sentenced to probation, but the district court later revoked Chapman's probation because he violated its terms. Chapman appealed from the district court's decision to revoke his probation, and the revocation order was upheld by this Court on appeal. *State v. Chapman*, 111 Idaho 149, 721 P.2d 1248 (1986). Chapman then filed a motion for probation or sentence reduction, pursuant to I.C.R. 35, in November, 1986. The district court denied Chapman's motion approximately twenty-nine months later, on April 13, 1989. Chapman then filed a motion for reconsideration, which the district court granted on July 7, 1989, ordering Chapman released on probation. The State appealed the district court's order granting Chapman probation,

and the Court of Appeals reversed the district court's decision. We granted Chapman's petition for review and now affirm the Court of Appeals decision to reverse the district court.

In its opinion, the Court of Appeals more fully explained the facts as follows:

In Chapman's former appeal, *State v. Chapman*, 111 Idaho 149, 721 P.2d 1248 (1986), the Supreme Court affirmed the decision of the district court which had revoked Chapman's probation. The remittitur was received by the district court on July 11, 1986. On November 3, 1986, Chapman filed the I.C.R. 35 motion, mentioned above, in which he asked for probation or for a reduction of his sentence. The state responded by filing an objection to the requested relief but did not challenge the timeliness of Chapman's Rule 35 motion.

For two years no further action was taken in the case. During this time, Chapman's attorney withdrew. Then, in July, 1988, the district court ordered preparation of an inmate's progress report on Chapman at the request of Chapman's present counsel. The state filed a second notice of opposition to Chapman's motion, contending that the court could not consider the merits of the motion without encroaching upon the authority and duties of the Commission of Pardons and Parole. The state further asserted that the district court no longer had jurisdiction to entertain the motion. Several hearings were held. Finally, on April 14, 1989, the district court issued an opinion and order denying Chapman's Rule 35 motion. The opinion addressed the timeliness of Chapman's motion, concluding that it was timely. The court also addressed an argument made by Chapman concerning the validity of his guilty plea

to an offense which had been used to terminate his probation. The court's opinion did not discuss the merits of Chapman's motion. Rather, the "bottom line" stated only that "[Chapman's] Motion ... seeking probation or in the alternative, a reduction of sentence is hereby DENIED."

Chapman remained in custody of the Board of Correction. However, on May 15, 1989, he filed a "motion for reconsideration," contending that the court had failed to consider the merits of his request for probation. The court permitted oral argument and this time Chapman persuaded the court to suspend the balance of Chapman's sentence again and place him on probation for the remainder of his fifteen-year sentence. This appeal by the state followed.

The Court of Appeals reversed the district court's decision to place Chapman on probation, holding that the district court lost jurisdiction over the case by waiting over two years to grant Chapman's Rule 35 motion. The issue we now face is the same as that before the Court of Appeals: Did the district court have jurisdiction to grant Chapman's motion? We hold that it did not.

Idaho Criminal Rule 35 was taken almost verbatim from the language contained in Rule 35 of the Federal Rules of Criminal Procedure.[1] A majority of the federal cases which considered this issue rejected a strict interpretation of Fed.R.Crim.P. 35, which would require the trial court to rule within 120 days or lose jurisdiction. Instead, these cases held that, if a defendant files a motion within the 120–day period, the trial court will have a "reasonable" period after the 120 days expires in which to rule on that motion.[2] As the Ninth

---

1. Before July 1, 1986, Rule 35 provided that a motion for reduction of sentence could be filed within 120 days of the receipt of a remittitur issued upon the affirmance of the judgment. The July 1, 1986 amendment to the rule removed this provision. Chapman filed his initial motion for reduction of sentence on November 3, 1986, after Rule 35 was amended. However, since Chapman appealed the initial decision to revoke his probation before the amendment was

effective, both the State and the district court have agreed that the earlier Rule 35 is applicable to this case. Under the pre–1986 version of Rule 35, Chapman's motion was timely filed, as the remittitur was issued July 11, 1986, and Chapman's motion was filed November 3, 1986, approximately 115 days later, falling within the 120–day deadline.

2. Since Idaho adopted Rule 35 in 1971, Fed. R.Crim.P. 35 has been amended several times.

Circuit Court of Appeals explained in *United States v. Smith*, 650 F.2d 206 (9th Cir. 1981):

> The 120–day time limitation serves two policies: it protects judges against repeated importunities by those sentenced and it ensures that the court does not usurp the responsibilities of parole officials by retaining jurisdiction indefinitely and acting on the motion in light of the movant's conduct in prison....
>
> The Rule's language, read literally, provides that the district court loses jurisdiction at the end of the 120–day period, regardless of when the motion was filed or of extenuating circumstances....
>
> This court and other appellate courts have mitigated the arbitrary operation of the Rule by treating the time limit with some flexibility, allowing district courts to retain jurisdiction over timely-filed motions for a "reasonable time" beyond the deadline.

650 F.2d at 208–209 (citations omitted).

Likewise, in *United States v. Stollings*, 516 F.2d 1287 (4th Cir.1975), the Fourth Circuit Court of Appeals held that "jurisdiction is not lost ... at least for so long as the judge reasonably needs time to consider and act upon the motion." 516 F.2d at 1288. The court explained its holding as follows:

> The rule does not speak in terms of the time within which the motion must be filed. A strictly literal reading would relate the time period to the court's action rather than to the defendant's motion for relief....
>
> We need not give the Rule so literal a reading, however, and we can not assume that such a reading was intended when the consequences would be so devastatingly and arbitrarily fortuitous. For any number of reasons it may be impossible or impractical for a judge to act promptly upon a motion for reduction of sentence filed with the court long before expiration of the 120 day period.

The judge may be ill, absent from his district on vacation or for service in some other district, or preoccupied in the trial of a protracted case which should not be interrupted for the conduct of unscheduled hearings in other matters. Frequently in these cases, evidentiary hearings must be held, as in this case, or a medical examination procured. In any such case, witnesses must be summoned or medical reports received, or both.

> In such instances, the time required for the court's consideration and action upon the motion is wholly beyond the control of the convicted defendant. He has no means of predicting with any assurance whether the court's need of time to reconsider and act upon his motion will be for one week, two weeks, four weeks, or two months, and if delay flows from the incapacity, the absence or the preoccupation of the judge, its consequences should not be visited upon the prisoner.

516 F.2d at 1288–89.

Our own Court of Appeals relied on *Smith, supra* to apply the federal standard, holding in *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct.App.1984), "that a district court does not lose jurisdiction to act upon a timely motion under Rule 35 merely because the 120–day period expires before the judge reasonably can consider and act upon the motion."

■ We agree with the reasoning and policy explanations of the *Smith, Stollings* and *Torres* cases, that a district court does not lose jurisdiction to act upon a timely-filed motion under Rule 35 merely because the 120–day period expires before the judge can reasonably consider and act upon the motion. Allowing a trial court to rule within a "reasonable" time will allow the court to fulfil its own duties, yet will prevent cases in which the defendant files a Rule 35 motion at the very end of the 120–day period, for instance on the 119th day, leaving the court only one day to rule on

---

Most significantly, as the federal rule existed in 1986, when Chapman filed his motion, it took into account the federal court's interpretation of the earlier language, which we discuss more fully below, and provided that federal courts

"shall determine the motion within a reasonable time." However, the Idaho rule has not been so amended. Nevertheless, we may still rely upon the federal cases interpreting the earlier federal rule, upon which Idaho's rule is based.

354

the motion. A strict interpretation would, in such a case, be highly impractical and would most often cause the trial court to lose jurisdiction without ever having a chance to consider the motion.

As the *Stollings* case made clear, a strict interpretation may often prejudice a defendant who filed a timely motion but was denied a ruling because the trial court was unable to act upon the motion within the 120–day period for reasons outside the defendant's control, such as illness or other case matters. In these situations, in which the district court delayed ruling on the motion not in order to evaluate the defendant's progress in prison, but simply because the court had not had time to consider it, it would be entirely unfair to the defendant to not allow the trial court a "reasonable" time after the 120–day period has expired to rule on the motion. We therefore hold, as did the Court of Appeals in *Torres*, that "a district court does not lose jurisdiction to act upon a timely motion under Rule 35 merely because the 120–day period expires before the judge reasonably can consider and act upon the motion." *Torres*, 107 Idaho at 898, 693 P.2d 1097.

■ Nevertheless, as the federal cases clearly point out, if the trial court does not rule upon the Rule 35 motion within a reasonable time after the expiration of the 120–day period, the trial court loses jurisdiction. The following federal cases have concluded that a delay in ruling on a defendant's Rule 35 motion as long as that in this case was unreasonable. In *United States v. Kajevic*, 711 F.2d 767 (7th Cir. 1983), the court held:

Judge Will's delay in acting on Kajevic's motion was unreasonable in the circumstances . . . : the judge waited to act till he could see what the Parole Commission would do. By delaying for this reason, and eventually reducing sentence when he found out that the Parole Commission was not disposed to show any lenity, Judge Will was intervening in the release determination, which . . . is the responsibility of the Parole Commission rather than of the sentencing judge. When a district judge delays action on a Rule

35(b) motion till long after the expiration of the 120 days, for the purpose or with the likely effect of assuming the function of the parole authorities, his delay is unreasonable. However flexibly interpreted, the time limitation in Rule 35(b) has as one of its purposes "to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board."

711 F.2d at 771–72 (citations omitted). *See also, United States v. Pollack*, 655 F.2d 243, 246 (D.C.Cir.1980) ("Here, where the order reducing sentence and subjecting appellant to parole supervision was entered some fourteen months after the 120 days began to run, a reasonable period was clearly exceeded and the court's order is void under Rule 35."); *United States v. Schafer*, 726 F.2d 155, 157–58 (4th Cir.1984) ("In this case, the trial judge purposely delayed consideration of the motion before him until seven months after the deadline in order to review the Parole Commission's decision. As the trial judge conceded in the order reducing Schafer's sentence, the ultimate reason for the delay was that he disagreed with the Parole Commission's decision. Under these circumstances, we can only conclude that the delay was unreasonable and the court was without jurisdiction."); *Diggs v. United States*, 740 F.2d 239, 246 (3rd Cir.1984) ("[T]he district court was in a position to—and did—second-guess the Parole Commission when it initially granted Diggs' motion under rule 35(b). The 'reasonable time' . . . is a reasonable time to decide the issue presented by the rule 35 motion, not a license to wait and reevaluate the sentencing decision in the light of subsequent developments.").

■ Based upon the above authority, and after reviewing the facts of this case, we agree that the district court's delay was unreasonable. First, we are not convinced that the delay in this case was due to circumstances beyond Chapman's control. The Court of Appeals concluded it was not, stating:

In *Torres*, the case was delayed in part by the retirement of the original sentenc-

ing judge. We held that we would not visit the consequences of such a delay upon the defendant because the delay was caused, at least in part, by circumstances beyond his control. Unfortunately, Chapman has not furnished us with a record that will support this particular argument based on the *Torres* excuse for the delay. Here, Chapman was aware that his retained counsel was withdrawing from the case. Consequently, it was his responsibility to retain new counsel or proceed pro se. Our record on appeal does not indicate when Chapman's former counsel withdrew, what steps were taken to replace him, or when his present counsel first appeared in this case. Accordingly, we cannot say that *Torres* lends support to this particular argument of Chapman.

Chapman was aware that his original counsel had withdrawn from the case, and while the record does not indicate when Chapman retained new counsel, he stated in his original brief that *"[o]ne year and eight months later* [after Chapman's original attorney withdrew], while still incarcerated, *defendant retained new counsel* who immediately acted upon the pending Motion." (Emphasis added.) Arguably, then, much of the delay was a result of Chapman's failure to retain new counsel until twenty months after the original motion was filed. Furthermore, with regard to Chapman's argument that, as in *Torres*, the delay in this case was partially by the substitution of a different trial judge who ultimately ruled on his Rule 35 motion, Chapman has made no showing that the substitution in any way caused the delay.

 Finally, even assuming that Chapman bears no responsibility for the delay in this case, we are persuaded by the federal cases, cited above, which make clear that any delay which allows the trial court to infringe upon the duties of the parole board is per se unreasonable. Clearly, the trial court in this case, although perhaps unintentionally, usurped the constitutional duties of the parole commission. The trial court held two evidentiary hearings, during which four Department of Corrections employees were called to testify regarding Chapman's progress. After these hearings, in its order granting Chapman's motion, the district court concluded:

In keeping with the standards adopted by the Supreme Court of this State, and mindful of all evidence that has been presented in this cause, the Court has noted that, during his period of incarceration, Mr. Chapman has not received any write-ups or disciplinary reports. In every aspect of his incarceration, Mr. Chapman has been a model prisoner and, according to the testimony of individuals from the Department of Corrections defendant will likely succeed if placed on probation. The Court also notes that defendant has served nearly six and one half years of an indeterminate fifteen year prison term and that, as represented by defense counsel, the Parole Commission, at a prior Hearing, may not have been aware of approximately eight months jail time defendant served in the Clearwater County Jail, during the pendency of the underlying proceedings.

After reviewing all of the evidence presented in this case, and in keeping with the factors and considerations adopted in the State of Idaho relating to probation and parole, the Court is of the opinion that defendant can and will become a productive member of society.

This discussion clearly indicates that the trial court overstepped its jurisdictional boundaries by granting Chapman's probation at such a late date. As the Court of Appeals stated:

[The] decision [to release Chapman from confinement] belonged to the Parole Commission rather than to the district court. Chapman had already served a substantial part of an *indeterminate* sentence. Under the law existent at the time of his sentencing, he was eligible for parole at the time when the district court decided to modify his sentence and release him on probation. This decision by the district court was an invasion of the executive authority held by the Commission of Pardons and Parole. *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990).

We agree. "When a district judge delays action on a Rule 35(b) motion till long after the expiration of the 120 days, for the purpose or with the likely effect of assuming the function of the parole authorities, his delay is unreasonable." *Kajevic*, 711 F.2d at 772. Accordingly, we affirm the Court of Appeals decision reversing the district court's July 7, 1989, order granting Chapman's probation. We remand this case to the trial court to reinstate its original April 14, 1989, order denying Chapman's probation.

BISTLINE, JOHNSON and BOYLE, JJ., and MICHAUD, J. pro tem., concur.