855 P.2d 889

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Karl Mike DEL RIO, Defendant–Appellant.**

No. 20021.

Court of Appeals of Idaho.

June 1, 1993.

Petition for Review Denied July 30, 1993.

Alan E. Trimming, Ada County Public Defender, Joseph L. Ellsworth, Deputy Public Defender, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Karl Del Rio appeals from his judgment of conviction for aggravated battery and from his sentence as modified by the court on its own motion. Del Rio was originally sentenced to a unified fifteen year term, with a five-year minimum period of confinement. The court also retained jurisdiction for the stated purpose of obtaining a psychological evaluation of Del Rio to allow the court to reassess its sentencing decision. The report induced the court to reduce the sentence to a unified twelve-year term, with a four-year minimum period of confinement. The court, however, denied a further reduction of the sentence upon consideration of an I.C.R. 35 motion filed by Del Rio. We affirm the judgment of conviction and the sentence as modified.

Specifically, Del Rio appeals the district court order relinquishing retained jurisdiction and ordering him to serve out his sentence in the penitentiary. On appeal, Del Rio contends that even the modified sentence of twelve years, with a minimum fixed term of four years, is unreasonable under the facts and circumstances in this case. He also appeals from the court's summary denial of his subsequent reconsideration motion, asserting that he is not a threat to society and that he is deserving of leniency from the court.

■ In deference to the discretionary authority of the trial court, an appellate court will not substitute its view for that of the trial court where reasonable minds might differ. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The reasonableness of a sentence is determined by looking to the probable length of confinement. *Id.* In this case, the minimum period of incarceration specified by the district court, i.e., four years, is to be treated as the probable measure of confinement. *See State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). We will find no abuse of sentencing discretion if four years' confinement is reasonable under any reasonable view of the attendant facts and circumstances. *See State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

Del Rio admitted to striking the victim in the face with his fist, fracturing her nose, breaking her jaw, and causing severe swelling to one side of her face. The victim, who was asleep in bed in her own apartment, was assaulted by Del Rio who entered her apartment around two o'clock in the morning on June 11, 1991. Del Rio, who lived in an apartment across the alley from the victim and her roommate, claimed to have invited the roommate over for a drink, then left him to go to the roommate's apartment where he went into the victim's bedroom, flipped the lights on and off, then got on top of her. She tried to push him off her and yelled for help. He punched her in the face and ran out the back door where he ran into the roommate, who called for an ambulance and the police.

Del Rio pled guilty. At the sentencing hearing, information available to the district court showed that Del Rio's account of the incident had changed several times and differed from the roommate's description of the events leading up to the violent assault. The court could only speculate about the real reason for such an unprovoked assault but inferred from the evidence that Del Rio was affected by alcohol at the time of the offense and probably had gone to the victim's apartment to engage in a sexual encounter of a consensual nature, which did not turn out as intended. The court viewed the defendant's conduct as serious and dangerous and, because of the defendant's military training and boxing skills, was aware that he could have caused severe brain injury to the victim. The court considered the injuries to the victim, which required hospitalization and surgery, as well as the psychological distress that accompanied the physical trauma.

■ The district court indicated that the defendant needed to be punished and to be deterred in the future to protect society. The court acknowledged that this was Del Rio's first felony offense. Because it was argued that this incident was totally out of character for Del Rio, the court was willing to obtain a psychological evaluation to further support its sentencing decision. The evaluation identified an antisocial personality disorder, marked in part by repeated drunkenness and aggressiveness, which Del Rio would have to work to correct. The evaluation also concluded that Del Rio's family's offers of support "may be too uncritical to be helpful" and that "his parole program will be a likely major factor in helping him be less dangerous back in the community." With this supplement to the presentence investigation report, the court reduced the sentence.

■ Del Rio's modified sentence is within the statutory penalty prescribed by I.C. § 18–908. As such, the sentence will ordinarily not be viewed as an abuse of discretion by the trial judge. *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983). We find from the evidence that Del Rio has not supported his claim that his sentence is

unreasonable. We hold that the district court did not abuse its discretion in imposing a unified twelve-year sentence, with four years fixed.

Next, Del Rio argues that the district court should have further reduced his sentence pursuant to his Rule 35 motion. He asserts that rehabilitation has been accomplished in the time he has spent in confinement. He claims that he has attempted to educate himself in prison, and achieved success and positive recognition. He also claims that he has taken responsibility for his actions and is prepared to reshape his behavior and, with the support of his family, work toward compensating his victim, which he contends cannot be done in prison.

The decision whether to reduce a sentence rests in the sound discretion of the sentencing court. *State v. Swan,* 113 Idaho 859, 748 P.2d 1389 (Ct.App.1988). If the original sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987).

In this case, Del Rio had the benefit of a reduction in his sentence due to the district court's careful analysis of the presentence report and the supplemental psychological evaluation. Del Rio's argument urging the court to consider in a new light his good conduct and alleged reformation while in prison is not additional evidence sufficient to cause the court to reduce the sentence. *See State v. Sanchez,* 117 Idaho 51, 785 P.2d 176 (Ct.App.1990). We hold, therefore, that the district court's decision refusing to further reduce the sentence was not an abuse of discretion.

Accordingly, the judgment of conviction and sentence as modified are affirmed. We also affirm the denial of the Rule 35 motion for reconsideration of sentence.

WALTERS, C.J., and SILAK, Acting Judge, concur.