886 P.2d 782

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Donald MAGGARD, Defendant–Appellant.**

**No. 21174.**

Court of Appeals of Idaho.

Nov. 29, 1994.

Petition for Review Denied Jan. 10, 1995.

---

Van G. Bishop, Nampa, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

## PER CURIAM.

This is an appeal by the defendant, Donald Maggard, from an order denying his motion under I.C.R. 35 to reduce sentences imposed upon his conviction on two counts of lewd conduct with a minor child under the age of sixteen. I.C. § 18–1508. Maggard contends that the denial of his motion was an abuse of the district court's discretion. In response, the State urges that the district court lost jurisdiction to consider the motion when the court took the motion under advisement for six months. For the following reasons, we agree with the State's argument, and we affirm the order denying Maggard's motion.

Maggard pled guilty to two counts of lewd conduct involving his twelve-year-old cousin. He was sentenced to thirteen years with a minimum period of confinement of three years, on each count, and the court ordered that the sentences be served concurrently. After a period of retained jurisdiction, the district court entered an order suspending execution of the balance of the sentences and released Maggard on probation. Several months later Maggard was found to have violated the terms of his probation. Rather than revoking probation, however, the court reinstated the probation with additional conditions.

Subsequently another petition was filed alleging new violations. While that petition was pending, a third petition was filed alleging additional violations that had occurred in the meantime. The two actions were consolidated for hearing. At the hearing, the court found that Maggard had violated the conditions of his probation. The court revoked probation and ordered execution of the sentences previously imposed.

At the same hearing, Maggard's counsel orally moved for a reduction of the sentences under I.C.R. 35 and later filed a written motion to the same effect. The court stated that it would take the motion under advisement for six months. Eight months later, the court entered an order reciting that the court had reviewed the matter, "and nothing

having been filed in support of the I.C.R. 35 motion, IT IS HEREBY ORDERED the I.C.R. 35 is denied." Maggard then filed this appeal, contending that the district court abused its discretion in denying the motion.

At the outset, we are faced with the State's assertion that the district court lacked jurisdiction to decide Maggard's motion. The State's argument is based upon our Supreme Court's decision in *State v. Chapman,* 121 Idaho 351, 825 P.2d 74 (1992). In *Chapman,* the defendant had filed a motion for probation or for reduction of his sentence pursuant to I.C.R. 35. Twenty-nine months later, the district court entered an order denying the motion. Chapman then filed a motion for reconsideration, which the district court granted, ordering Chapman released on probation. This order occurred thirty-two months after the Rule 35 motion was filed. The State appealed from the order releasing Chapman on probation. The issue on appeal, as framed by the Supreme Court, was "Did the district court have jurisdiction to grant Chapman's motion?" 121 Idaho at 352, 825 P.2d at 75. The Court answered this inquiry in the negative, reversed the order granting probation to Chapman and directed rein- · statement of the order denying probation to Chapman.

■ The Court reached its conclusion in *Chapman* on the ground that the period of time—thirty-two months—which expired before the district court granted Chapman's motion, was an unreasonable delay. The Court noted that "any delay which allows the trial court to infringe upon the duties of the parole board is per se unreasonable." *Chapman,* 121 Idaho at 355, 825 P.2d at 78. The Court further recognized, however, that a trial court should be allowed some period of time to decide a Rule 35 motion, beyond the 120–day period within which such a motion may be timely filed.

As [*United States v. Stollings,* 516 F.2d 1287 (4th Cir.1975) ] made clear, a strict

interpretation may often prejudice a defendant who filed a timely motion but was denied a ruling because the trial court was unable to act upon the motion within the 120–day period for reasons outside the defendant's control, such as illness or other case matters. In these situations, in which the district court delayed ruling on the motion not in order to evaluate the defendant's progress in prison, but simply because the court had not had time to consider it, it would be entirely unfair to the defendant to not allow the trial court a "reasonable" time after the 120–day period had expired to rule on the motion.

*Chapman,* 121 Idaho at 354, 825 P.2d at 77. The Court then held that the trial court overstepped its jurisdictional boundaries by granting Chapman's probation at the late date, thirty-two months after Chapman had filed his Rule 35 motion. Accordingly, while valid reasons may exist to delay the decision on a Rule 35 motion in a particular case, the delay may not be for the purpose or with the likely effect of assuming the function of the parole authorities. If the purpose or effect of the delay is to infringe upon the constitutional duties of the parole commission, the delay is per se unreasonable and the court loses jurisdiction to grant relief under Rule 35.

■ Here, the record is silent with regard to the reasons for the district court's determination to take the motion under advisement and to delay a decision on the motion for a period of six months.[1] There is no indication in the record that Maggard requested additional time to supplement the record or that he intended to submit any additional evidence after the motion was filed. Neither the state nor Maggard requested that the motion be held in abeyance, nor is there any indication that the delay was necessitated by the court's schedule. If the reason was to obtain more information about Maggard's circumstance or performance

1. Perhaps the district court reserved its action on the motion under the belief that the court could retain jurisdiction over Maggard for six months or 180 days by virtue of I.C. § 19–2601(4). If so, then this belief was misplaced. It is settled that after the court initially has retained jurisdiction over a defendant and then places the defendant on probation, if the defendant later is found to have violated the terms of his or her probation, the court cannot once again validly retain jurisdiction under the statute, *State v. Travis,* 125 Idaho 1, 867 P.2d 234 (1994), but may, of course, continue the defendant on probation.

while in the custody of the Board of Correction, surely that information could have been gained in less than a six-month period. As it turned out, no new or additional information was ever submitted to support Maggard's motion. Consequently, the court had before it all information relevant to the motion on the day the motion was made. A decision on this motion should have been made thereafter within a reasonable period of time. Because there is nothing in the record to show the extent of the period otherwise necessary to decide the motion, we must conclude that the eight-month delay was unreasonable under the principles expressed in *Chapman*

forbidding an infringement on the executive authority held by the Commission of Pardons and Parole. *See Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990).

The order denying relief under I.C.R. 35 is affirmed on the ground that the district court lost jurisdiction to grant the motion.