938 P.2d 187

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Clarence FERGUSON, Defendant–Appellant.**

No. 22768.

Supreme Court of Idaho.

May 27, 1997.

John M. Adams, Kootenai County Public Defender; J. Bradford Chapman, Deputy Kootenai County Public Defender, Coeur d'Alene, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

SILAK, Justice.

In April 1991, after appellant Clarence Ferguson (Ferguson) pled guilty to a felony charge of aiding and abetting an aggravated battery pursuant to I.C. §§ 18–903(a) and 18–907(a), he was sentenced to a unified term of seven years with two years fixed. The district court suspended the sentence and placed Ferguson on probation for five years and ordered that he serve sixty days in the Kootenai County Jail.

On January 17, 1995, the district court revoked Ferguson's probation having found that Ferguson violated said probation on three separate occasions in 1994. The court reimposed Ferguson's previous sentence, but retained jurisdiction for 180 days pursuant to I.C. § 19–2601.

In June 1995, after Ferguson successfully completed the retained jurisdiction program, the district court again placed him on probation. However, a probation violation occurred in July 1995, and at the dispositionary hearing on December 28, 1995, the district court revoked Ferguson's probation and reimposed the prison sentence, stating: "[A]nd I think the only choice I have under the facts of this particular case is to go ahead and revoke the probation and impose the prison sentence that is imposed." The court modified Ferguson's previous sentence to a unified term of five years with two years fixed, and Ferguson was given credit for time served. The district court's written order issued on December 29, 1995, erroneously stated that the court retained jurisdiction over Ferguson's sentence pursuant to I.C. § 19–2601. The court issued a corrected order on January 24, 1996, stating that it was not retaining jurisdiction. Ferguson filed a notice of appeal on February 21, 1996.

On appeal, Ferguson argues that the district court abused its discretion by imposing sentence and imprisoning Ferguson. The State argues that Ferguson's appeal is untimely and therefore should be dismissed. We agree that Ferguson's appeal is untimely.

Idaho Appellate Rule 14 provides that an appeal as a matter of right must be filed with the clerk of the district court within 42 days from the entry of the judgment or order from which the appeal is taken. This rule further provides:

In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction, up to one hundred and twenty (120)

days and an extension up to an additional sixty (60) days pursuant to Section 19-2601(4) Idaho Code.

The district court's order revoking Ferguson's probation the second time was issued on December 29, 1995. The court issued its corrected order on January 24, 1996, and Ferguson filed his notice of appeal on February 21, 1996. The State argues that pursuant to I.A.R. 14, Ferguson must have filed his appeal within 42 days of the issuance of the December 29, 1995 order which would have been February 9, 1996. The State argues that even though the court's original order stated that the court retained jurisdiction, the court did not actually retain jurisdiction and therefore the time to file an appeal was not enlarged under I.A.R. 14.

We hold that Ferguson had 42 to days to file his notice of appeal from the entry of the December 29, 1995 order. The time was not enlarged by the erroneous statement that the court was retaining jurisdiction because the district court did not have the authority to retain jurisdiction a second time. In *State v. Travis*, 125 Idaho 1, 867 P.2d 234 (1994), the trial court sentenced Travis to an indeterminate term of ten years for lewd conduct, but retained jurisdiction for 180 days to allow for an evaluation of Travis. At the conclusion of the retained jurisdiction period, the court suspended the balance of Travis's sentence and placed him on probation. Five years later, the district court found that Travis had violated his probation, revoked the probation and reduced Travis's sentence to an indeterminate term of five years. The court stated that it retained jurisdiction for 120 days. 125 Idaho at 2–3, 867 P.2d at 235–36. On appeal, this Court held that the district court had no authority to retain jurisdiction the second time:

> Pursuant to I.C. § 19–2601(4), in sentencing a defendant to the custody of the board of correction, a trial court may retain jurisdiction. During the period of retained jurisdiction, the trial court may exercise the retained jurisdiction to suspend the execution of judgment and place the defendant on probation. This procedure may be used, however, only during the first 120 or 180 days of a sentence ... In retaining jurisdiction a second time the trial court exceeded its authority under I.C. § 19–2601(4).

*Id.* at 7, 867 P.2d at 240. *See also State v. Maggard*, 126 Idaho 477, 479, 886 P.2d 782, 784 (Ct.App.1994)("It is settled that after the court initially has retained jurisdiction over a defendant and then places the defendant on probation, if the defendant later is found to have violated the terms of his or her probation, the court cannot once again validly retain jurisdiction ...").

In the present case, the first time the district court retained jurisdiction was in its January 17, 1995 order revoking probation and reinstating Ferguson's original sentence. The court retained jurisdiction for 180 days, and on June 9, 1995, the court placed Ferguson back on probation. Thus, on December 29, 1995, when the district court again revoked Ferguson's probation, it had no authority to retain jurisdiction for a second time as this was well beyond the first 180 days of the sentence. It is therefore irrelevant whether the December 29, 1995 order erroneously stated the court was retaining jurisdiction or not. Further, the district court correctly stated to Ferguson at the December 28, 1995 dispositionary hearing that Ferguson's probation was revoked and that his prison sentence was being imposed. Thus, Ferguson's notice of appeal, filed on February 21, 1996, was more than 42 days from the entry of the order from which he attempted to appeal. The appeal is therefore untimely and is dismissed.

JOHNSON and McDEVITT, JJ., concur.

SCHROEDER, Justice, dissenting.

I respectfully dissent. Idaho Criminal Rule 54.3(a) provides that the time for filing an appeal begins to run "from the date evidenced by the filing stamp of the clerk of the court on the judgment, order or decree appealed." The time does not run from the oral pronouncement of the court. When the sentencing court issued its order revoking probation on December 29, 1995, the written order specified that the court retained jurisdiction. There was no reason for Ferguson to appeal that order. The fact that the order

was incorrect should not be held against Ferguson in counting time for the appeal. The order said what it said. The Board of Correction would have been obliged to follow the order, and Ferguson had a right to expect that the order would be followed. The confusion between the oral comments of the court and the written order should be resolved in favor of Ferguson by virtue of I.C.R. 54.3(a).

A written order reflecting the actual sentence was not filed until January 24, 1996. In effect Ferguson did not receive the type of notice required by Rule 54.3(a) to commence the time for appeal until the corrected order was filed. The time for appeal should be counted from that date.

The consequences of failure to file a timely appeal are harsh. To justify that harshness the rules governing the time for filing must be clear. I.C.R. 54.3(a) is clear. The defendant should not have the burden of determining that the order was invalid and appeal when there is no reason to appeal the order as written. Only when the corrected order was entered did Ferguson have a reason to appeal.

The Court should not hold the district court's error against Ferguson. His appeal should be heard.

TROUT, C.J., concurs in dissent.