953 P.2d 624

STATE of Idaho, Plaintiff–Respondent,

v.

Shawn DAY, Defendant–Appellant.

No. 23657.

Court of Appeals of Idaho.

Feb. 5, 1998.

John M. Adams, Kootenai County Public Defender, J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

SCHWARTZMAN, Judge.

Shawn Anthony Day pled guilty to one count of aggravated assault, I.C. §§ 18–901, –905(a), and on April 10, 1996, the court imposed a unified five-year sentence, with three years fixed. On April 26, 1996, Day filed a motion pursuant to I.C.R. 35 for reduction of his sentence. Subsequently, on January 14 and January 23, 1997, Day submitted letters in support of his motion from friends, a former employer, and jail personnel overseeing him during his incarceration. Then on January 24, 1997, the Idaho Supreme Court issued an unpublished opinion upholding Day's sentence. *State v. Day*, Docket No. 22989, 130 Idaho 212, 938 P.2d 1250 (Idaho Supreme Ct. January 24, 1997). One week later, the district court held a hearing and denied Day's Rule 35 motion. Day appeals, asserting that the district court's failure to grant the motion in light of his post-incarceration behavior constitutes an abuse of discretion.

At the outset, we address the state's assertion that the district court lost jurisdiction when it waited nine months to rule on Day's Rule 35 motion. In relevant part, Rule 35 provides that

> [t]he court may reduce a sentence *within 120 days after the filing of a judgment of conviction* or within 120 days after the court releases retained jurisdiction.... *Motions to correct or modify sentences under this rule must be filed within 120 days of the entry of judgment imposing sentence* or order releasing retained jurisdiction and shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion....

(emphasis added). In *State v. Chapman*, 121 Idaho 351, 354–55, 825 P.2d 74, 77–78 (1992), the Idaho Supreme Court held that pursuant to Rule 35, the trial court lost jurisdiction to reduce the defendant's sentence when it waited over two years after the motion was filed to issue a decision. The Court stated that if a trial court fails to "rule upon the Rule 35 motion within a reasonable time after the expiration of the 120–day period, the trial court loses jurisdiction." *Id.* at 354,

825 P.2d at 77. The Court explained that "'[t]he 120–day time limitation serves two policies: it protects judges against repeated importunities by those sentenced and it ensures that the court does not usurp the responsibilities of parole officials by retaining jurisdiction indefinitely and acting on the motion in light of the movant's conduct in prison....'" *Id.* at 353, 825 P.2d at 76, *quoting United States v. Smith*, 650 F.2d 206, 208–209 (9th Cir.1981) (citations omitted).

This Court, in *State v. Nickerson*, 123 Idaho 971, 974, 855 P.2d 56, 59 (Ct.App.1993), held that a one-year delay in ruling on a Rule 35 motion was not unreasonable. The defendant had filed a Rule 35 motion one day after the entry of the judgment of conviction. This was followed by a joint motion by defense counsel and the prosecuting attorney to hold defendant's Rule 35 motion in abeyance pending the outcome of his direct appeal, which request the trial court granted. *Id.* at 973, 855 P.2d at 58. Two and one-half months after the defendant's judgment of conviction was affirmed on appeal, the district court held a hearing and reduced the defendant's sentence. *Id.* We reasoned that because the district court had cooperatively acceded to the parties' joint request and had also entered an order staying execution of the judgment and sentence pending appeal, it could not usurp the parole board's authority through the delay. We pointed out, however, that for the sake of judicial economy and expedience, the proper procedure in instances where a defendant seeks both a direct appeal on the propriety of a sentence and a sentence reduction is for the parties to bring the existence of a pending Rule 35 motion to the appellate court's attention so that it may be decided and consolidated into one appeal. *Id.* at 974 n. 4, 855 P.2d at 59 n. 4; *see also* I.A.R. 13(c)(11) (the district court has the authority to rule upon a Rule 35 motion during the pendency of an appeal); I.A.R. 13.3 (the appellate court on its own motion or that of any party may remand the case to district court to take further action as designated in the order of remand).

More recently, in *State v. Maggard*, 126 Idaho 477, 479–480, 886 P.2d 782, 784–85

(Ct.App.1994), this Court held that an eight-month delay after the defendant's probation was revoked was unreasonable and that such a delay deprived the trial court of jurisdiction to decide the defendant's motion for leniency. Defense counsel had orally moved for reduction of sentence at the probation violation hearing and the court stated that it would take the matter under advisement for "six months." We explained that because the record was silent about the reasons for the court's delay, and since neither party had requested that the motion be held in abeyance nor had any information been submitted during the intervening period that might support a determination such time was necessary to obtain additional material information, the delay constituted an unreasonable infringement on the authority of the Commission of Pardons and Parole. *Id.* at 479–480, 886 P.2d at 785–86.

■ The record is here silent as to the basis for the court's delay in deciding Day's motion. If the purpose of the delay was simply to await the outcome of the Supreme Court's decision on Day's direct sentence appeal, such delay was procedurally unnecessary, inefficient, and redundant. *See Nickerson,* 123 Idaho at 974 n. 4, 855 P.2d at 59 n. 4. If the purpose was to obtain more information about Day's circumstance or performance while in custody, surely that information could have been gained in less than a nine-month period. *See Maggard,* 126 Idaho at 479–80, 886 P.2d at 784–85; *compare State v. Brydon,* 121 Idaho 890, 828 P.2d 919 (Ct. App.1992) (five-month delay occasioned by trial court's decision to await progress reports not unreasonable, so long as judge reasonably needs time to consider and act upon the motion). Because there is no legitimate reason or explanation given in the record for the trial court's delay in deciding Day's Rule 35 motion, we find such delay to be unreasonable under the principles expressed in *Chapman* and its progeny.

 For *future reference,* we make it clear that when a defendant files a Rule 35 motion, it will of necessity become defense counsel's responsibility to precipitate action on the motion within a reasonable time frame, or otherwise provide an adequate record and justification for delay, to avoid the risk of the trial court losing jurisdiction to consider the motion.[1]

Accordingly, the order denying relief under I.C.R. 35 is affirmed.

LANSING, C.J., and PERRY, J., concur.

---

1. Even if we were to reach the merits of Day's Rule 35 motion, we would affirm the trial court's denial of a reduction in sentence. A defendant's post-conviction institutional adjustment and good behavior under the supervision of prison or jail officials are not particularly salient factors in a court's decision to grant or deny a Rule 35 motion. *See Hassett v. State,* 127 Idaho 313, 317, 900 P.2d 221, 225 (Ct.App.1995); *State v. Del Rio,* 124 Idaho 52, 54, 855 P.2d 889, 891 (Ct. App.1993); *State v. Sanchez,* 117 Idaho 51, 52, 785 P.2d 176, 177 (Ct.App.1990).