977 P.2d 228

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sergio Portillo PAYAN, Defendant–Appellant.**

**No. 24095.**

Court of Appeals of Idaho.·

Nov. 4, 1998.

E. Scott Paul, Twin Falls, for appellant.

Hon. Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

## I.

### FACTS AND PROCEDURE

Sergio Payan was charged with trafficking in a controlled substance, to wit cocaine, I.C. § 37–2732B(a)(2)(A), and principal to trafficking in a controlled substance, to wit marijuana, I.C. §§ 18– 204 and 37–2732B(a)(1)(B).[1] A jury trial was held and Payan was found guilty on both counts. The district court entered judgment of conviction on November 1, 1994, sentencing Payan to concurrent ten-year terms of imprisonment, with five years fixed, and a $10,000 fine, as to each count. On November 23, an order was entered allowing Payan's counsel to withdraw from the case and a new public defender was appointed on December 1. Payan's new counsel filed a notice of appeal on December 14, 1994, forty-three days after judgment was entered. On February 1, 1995, the district court filed an amended judgment of conviction giving Payan credit for time served. Although he spoke little English and required an interpreter for court proceedings, Payan filed a *pro se* I.C.R. 35 motion for reduction of sentence on February 17, 1995,

---

1. The amended complaint, information and judgment of conviction state that Payan was charged under I.C. § 37–2732B(1)(B). However, no such code section exists. The type of drug and the amount involved in this charge lead to the conclusion that the proper code section was I.C. § 37–2732B(a)(1)(B).

requesting a hearing and the appointment of an attorney to help him with the motion.

The direct appeal was dismissed by this Court on July 12, 1996. We held that the failure to file a notice of appeal within forty-two days of the entry of the judgment of conviction deprived the Court of jurisdiction. Payan then filed an application for post-conviction relief. In the post-conviction action the parties stipulated that counsel's failure to file a timely appeal constituted ineffective assistance of counsel. In response to that stipulation the district court vacated and re-entered Payan's judgment of conviction on July 11, 1997, "so that the Petitioner's appeal period may begin." A direct appeal from the re-entered judgment was then filed.

Having never been granted a hearing or presented with a ruling on his original Rule 35 motion, Payan filed another *pro se* Rule 35 motion on August 19, 1997. The district court granted a hearing on the Rule 35 motions which was held on December 22, 1997. At the hearing the district court dismissed Payan's second Rule 35 motion, holding that it was not timely and was a successive motion prohibited under the Rule. The district court then denied the original Rule 35 motion upon its merits. Payan thereupon filed an amended notice of appeal to include the denial of his Rule 35 motion.

On appeal Payan raises four issues: 1) whether I.C. § 37–2732B violates the equal protection provisions of the United States and Idaho Constitutions; 2) whether I.C. § 37–2732B is unconstitutional and void under traditional notions of proportionality; 3) whether there was sufficient evidence to support the jury's verdict for trafficking in cocaine; and 4) whether the court abused its discretion in denying his Rule 35 motion.

## II.

## IDAHO CODE § 37–2732B DOES NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES OR IDAHO CONSTITUTION

### A. Standard of Review

 Analysis of a claimed equal protection violation requires this Court to first identify the classification which is being challenged and then determine the standard under which the classification will be judicially reviewed. *State v. Rogerson*, 132 Idaho 53, 966 P.2d 53 (Ct.App.1998). The classification in this case is that of persons convicted of trafficking in a controlled substance under I.C. § 37–2732B, as distinguished from persons convicted of possession, possession with intent to deliver, delivery or manufacture of a controlled substance under I.C. § 37–2732. Because this is neither a suspect classification nor an invidiously discriminatory classification the rational basis test will be applied. This standard requires only that the classification be rationally related to a legitimate government objective. *Id.*

### B. Analysis

Idaho Code § 37–2732(a)(1)(A) provides that a person convicted of the manufacture of, delivery of, or possession with the intent to manufacture or deliver, a schedule II controlled substance, such as cocaine, "may be imprisoned for a term of years not to exceed life imprisonment, or fined not more than twenty-five thousand dollars ($25,000), or both." The statute under which Payan was convicted, I .C. § 37–2732B(a)(2)(A), provides that anyone who knowingly manufactures or delivers, or is knowingly in actual or constructive possession of, twenty-eight (28) grams or more, but less than two hundred (200) grams, of cocaine "shall be sentenced to a mandatory minimum fixed term of imprisonment of three (3) years and fined not less than ten thousand dollars ($10,000)," and authorizes a maximum sentence of life imprisonment and maximum fine of one hundred thousand dollars ($100,000). I.C. § 37–2732B(a)(2)(D).

Payan argues that these statutes proscribe the same conduct, unconstitutionally allowing prosecutorial discretion in determining under which statute to charge a defendant. This, he asserts, violates the equal protection provisions of the United States and Idaho Constitutions. Essentially, Payan argues that prosecutors can selectively prosecute individuals under I.C. § 37–2732B in order to have a more stringent sentence imposed, yet permit other individuals in like circumstances to

be treated differently and escape a mandatory minimum sentence by charging them under I.C. § 37–2732.

We first note that the statutes at issue do not require exactly the same elements. *State v. Rogerson, supra.* To be charged under I.C. § 37–2732B, the amount of cocaine involved must be at least twenty-eight grams. Idaho Code § 37–2732 contains no such quantity requirement. While the statutes do not contain the exact same elements, it is certainly possible for a person to violate both in one transaction. For example, in the instant case it was alleged that Payan sold fifty-six grams of cocaine. If proven, this conduct would satisfy the elements of both I.C. § 37–2732 and I.C. § 37–2732B, leaving the prosecutor with discretion to charge Payan under either statute.[2]

■ The discretion of a prosecutor to choose between two statutes which proscribe the same conduct, but provide for different penalties, does not violate the United States Constitution. *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). In *Batchelder,* the defendant was charged and convicted under a statute which provided a five-year maximum sentence for convicted felons who receive a firearm which had traveled in interstate commerce. However, another statute existed which, when applied to convicted felons, had the same substantive elements and only provided for a two-year maximum sentence. *Id.* at 116–17, 99 S.Ct. 2198. The United States Supreme Court held that the ability of the prosecutor to choose between two statutes with different penalties was not a violation of the Equal Protection Clause of the United States Constitution. "The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection Clause or Due Process Clause." *Id.* at 125, 99 S.Ct. 2198. The Court noted that prosecutorial discretion is not unfettered, as it is still subject to constitutional restraints. "The Equal Protection Clause prohibits selective enforcement 'based upon an unjustifiable standard such as race, religion, or other

arbitrary classification.' " *Id.* at 125 n. 9, 99 S.Ct. 2198, *quoting Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

By a parity of reasoning, a statutory scheme which even further restricts prosecutorial discretion cannot violate the Equal Protection Clause. Idaho Code § 37–2732B restricts a prosecutor's discretion through a quantity requirement. Until the amount of cocaine involved exceeds twenty-eight grams, the prosecutor has no discretion to choose between the two statutes. Because the Idaho statutes allow prosecutorial discretion either equal to or less than that held to be permissible in *Batchelder,* they cannot be said to violate the Equal Protection Clause of the United States Constitution.

■ We find the reasoning from *Batchelder* applicable to an analysis under the equal protection provision in the Idaho Constitution as well. It is established law in Idaho that a prosecutor has discretion in determining what charge to file against a defendant. "Where the facts legitimately invoke more than one statute, a prosecutor is vested with a wide range of discretion in deciding what crime to prosecute." *LaBarge v. State,* 116 Idaho 936, 939, 782 P.2d 59, 62 (Ct.App.1989). Furthermore, prosecutors necessarily must choose between statutes with varying sentencing schemes each time a defendant's actions satisfy the elements of more than one, whether the statutes' elements are identical or not. *See Batchelder,* 442 U.S. at 125, 99 S.Ct. 2198. Choosing to charge under one or the other based upon the possible sentence is not in and of itself a violation of equal protection. *Id.* To establish a violation of equal protection a defendant must show more than an exercise of prosecutorial discretion; he or she must show an abuse of that discretion. The United States Supreme Court and Idaho Supreme Court are in perfect accord in their requirement that, in order to establish an instance of discriminatory application of the law such that equal protection standards have been violated, there must first be shown a deliberate plan of discrimination based on some unjustifiable classification, such as race, sex, religion, etc.

---

**2.** It must be noted that a conviction under either statute carries with it the possibility of a fixed life sentence.

*State v. Edmonson,* 113 Idaho 230, 235, 743 P.2d 459, 464 (1987), *quoting Henson v. Dept. of Law Enforcement,* 107 Idaho 19, 23, 684 P.2d 996, 1000 (1984). Payan has not suggested that the state's choice was motivated by any factor other than the large quantity of drugs he was convicted of distributing. "The legislature's decision to increase the level of punishment for crimes involving larger amounts of controlled substances is rationally related to the State's legitimate interest in curbing large-scale possession, manufacturing, and distribution of controlled substances." *Rogerson, supra; see also State v. Pena–Reyes,* 131 Idaho 656, 962 P.2d 1040 (1998).

Payan has failed to establish that his prosecution under I.C. § 37–2732B violated the Equal Protection Clause of the United States Constitution or the equal protection provision of the Idaho Constitution.

## III.

### THIS COURT WILL NOT ADDRESS THE ISSUE OF WHETHER I.C. § 37–2732B IS UNCONSTITUTIONAL OR VOID UNDER TRADITIONAL NOTIONS OF PROPORTIONALITY

■ In his brief Payan makes the general assertion that I.C. § 37–2732B does not provide the proportionality of crimes to punishments as required by the Idaho and United States Constitutions. He offers no authority for this proposition and even fails to cite the particular constitutional provisions which he argues were violated. "A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking." *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Payan's failure to support his general assertion with any authority constitutes a waiver of this issue and we, therefore, decline to address it.

## IV.

### THE TRIAL COURT PROPERLY DENIED PAYAN'S MOTION FOR ACQUITTAL

#### A. Standard of Review

■ Payan asserts that the district court erred in denying his motion for judg-ment of acquittal because there was not substantial and competent evidence to prove that twenty-eight or more grams of cocaine were involved in the drug transaction. In reviewing the denial of a motion for judgment of acquittal this Court independently considers the evidence in the record and determines whether a reasonable mind would conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. In making this determination, all reasonable inferences are taken in favor of the state. *State v. Kopsa,* 126 Idaho 512, 521, 887 P.2d 57, 66 (Ct.App.1994), *citing State v. Printz,* 115 Idaho 566, 567, 768 P.2d 829, 830 (Ct.App.1989). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991), *citing State v. Decker,* 108 Idaho 683, 701 P.2d 303 (Ct.App. 1985).

#### B. Analysis

■ At trial, Payan and the state stipulated to the admission of the results of lab tests performed upon the substance found in the four baggies sold to Officer Akins. Payan asserts the evidence did not establish that the substance inside of each of the baggies was tested, leaving open the possibility that some of the substance was not cocaine. We disagree. A review of the record discloses that there was sufficient evidence to convict Payan under I.C. § 37–2732B.

The lab test results state that the total weight of the powdery substance found in the baggies was 55.29 grams. It further concludes that the powders contain cocaine. There was also testimony that Payan represented he had possession of two ounces of cocaine to sell. Officer Akins testified that he received four baggies from Payan and that Payan represented to him that each baggie contained one-half of an ounce of cocaine. He further testified that there are twenty-eight grams of cocaine in one ounce. The jury is responsible for determining the credibility of witnesses and the weight to be given the lab report. On the basis of this testimo-

ny and other evidence the jury could reasonably conclude beyond a reasonable doubt that Payan delivered twenty-eight grams or more of cocaine.[3] Thus, the district court properly denied Payan's motion for judgment of acquittal.

## V.

### THE DISTRICT COURT DID NOT HAVE JURISDICTION OVER PAYAN'S RULE 35 MOTIONS

Payan's first Rule 35 motion was filed on February 17, 1995. The district court did not issue a ruling on this motion until December 23, 1997, over thirty-four months later. This Court has held that "if a trial court fails to 'rule upon the Rule 35 motion within a reasonable time after the expiration of the 120–day period, the trial court loses jurisdiction.'" *State v. Day*, 131 Idaho 184, 185, 953 P.2d 624, 625 (Ct.App. 1998), *quoting State v. Chapman*, 121 Idaho 351, 354, 825 P.2d 74, 77 (1992). "The 120-day time limitation serves two policies: it protects judges against repeated importunities by those sentenced and it ensures that the court does not usurp the responsibilities of parole officials by retaining jurisdiction indefinitely...." *State v. Chapman*, 121 Idaho 351, 353, 825 P.2d 74, 76 (1992), *quoting United States v. Smith*, 650 F.2d 206, 208–209 (9th Cir.1981). Nevertheless, some delays in making a ruling may be justified, in which case the district court will not lose jurisdiction. *See State v. Nickerson*, 123 Idaho 971, 855 P.2d 56 (Ct.App.1993) (holding that a one-year delay in ruling was not unreasonable in light of a joint motion made by the prosecution and defense requesting that the Rule 35 motion be held in abeyance pending the outcome of the defendant's direct appeal); *State v. Brydon*, 121 Idaho 890, 828 P.2d 919 (Ct.App.1992) (holding that a five-month delay in ruling on the motion after the initial hearing was not unreasonable because neither of the *Chapman* policy considerations were implicated and the court was waiting for additional reports on the

defendant while incarcerated). However, it is defense counsel's responsibility to precipitate action on a Rule 35 motion within a reasonable time frame, or otherwise provide an adequate record and justification for the delay, to avoid the risk of the trial court losing jurisdiction. *Day*, 131 Idaho at 186, 953 P.2d at 626.

The record is devoid of any articulated justification for the court's failure to act on the original Rule 35 motion. Payan did have a direct appeal pending during the time the court refrained from making a ruling. Although this may explain why the court did not rule on the Rule 35 motion, it does not justify its failure to do so. The proper procedure for handling a Rule 35 motion when an appeal is pending is for the district court to rule on the Rule 35 motion, and any appeal from that order can be consolidated into the pending appeal. *Nickerson*, 123 Idaho at 974 n. 4, 855 P.2d at 59 n. 4. Further, there is no indication in the record that an abeyance of the Rule 35 motion was either requested or ordered. Under these circumstances we cannot say that the district court's delay in ruling on Payan's Rule 35 motion was reasonable. Consequently, the district court did not have jurisdiction to consider the original motion thirty-four months after it was filed.[4]

Finally, the district court properly dismissed Payan's August 19, 1997, Rule 35 motion due to its untimeliness and the fact that it was his *second* such motion. It was filed thirty-three months after the original judgment of conviction was imposed. Idaho Criminal Rule 35 requires that a motion to reduce sentence be filed within 120 days of the entry of the judgment of conviction. Although the district court vacated the original judgment of conviction, it did so for a *limited* purpose. It was stipulated by the parties that Payan had received ineffective assistance of counsel on his direct appeal; the re-entry of the judgment was designed to remedy that situation. The district court stated in its order that the re-entry was "so that the

---

**3.** *See also* I.C. § 37–2732B(c) (stating that the weight of the controlled substance as represented by the person selling or delivering it is determinative if the weight as represented is greater than the actual weight of the controlled substance.)

**4.** Although the district court lacked jurisdiction to consider the original Rule 35 motion, its action in ruling on the merits was harmless error, as the motion was denied.

Petitioner's appeal period may begin." A Rule 35 motion is not an appeal and was not part of the district court's order vacating the original judgment of conviction. Moreover, Rule 35 explicitly states that "no defendant may file more than one motion seeking a reduction of sentence under this Rule ." Accordingly, Payan's second Rule 35 motion was properly denied for being both untimely and successive.

## VI.

## CONCLUSION

We hold that the prosecutorial discretion allowed by I.C. §§ 37–2732 and 37–2732B does not violate the Equal Protection Clause of either the United States or Idaho Constitution. We also uphold the district court's denial of Payan's motion for judgment of acquittal and his first Rule 35 motion for reduction of sentence. Finally, we hold that the court properly dismissed Payan's second Rule 35 motion. Accordingly, Payan's judgment of conviction is affirmed.

Chief Judge LANSING and Judge PERRY, CONCUR.