IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40350

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 326 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFERY BRUCE WILDE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Jeffery Bruce Wilde pled guilty to rape, Idaho Code § 18-6101; possession of sexually exploitive material for other than a commercial purpose, I.C. § 18-1507; and sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A. The district court sentenced Wilde to a unified term of fifteen years, with five years determinate, for the rape conviction; a concurrent five-year determinate term for the possession of sexually exploitive material conviction; and a consecutive unified term of fifteen years, with three years determinate, for the sexual battery conviction. The district court retained jurisdiction and subsequently placed Wilde on probation. Wilde violated his probation and the district court consequently revoked Wilde's probation and executed Wilde's underlying sentences. Wilde filed an Idaho Criminal Rule 35

motion, which the district court denied nearly a year later. Wilde now appeals, contending the district court abused its discretion by denying Wilde's Rule 35 motion.

The State contends the district court lost jurisdiction to decide the Rule 35 motion because the court unreasonably delayed ruling on Wilde's plea for leniency well beyond the 120-day jurisdictional limit established by Rule 35. If a trial court fails to rule upon a Rule 35 motion within a reasonable time after the expiration of the 120-day period, the trial court loses jurisdiction. *State v. Chapman*, 121 Idaho 351, 354, 825 P.2d 74, 77 (1992); *State v. Day*, 131 Idaho 184, 185, 953 P.2d 624, 625 (Ct. App. 1998). The Idaho Supreme Court explained that this requirement is necessary to prevent the court from usurping the responsibilities of parole officials. *Chapman*, 121 Idaho at 354, 825 P.2d at 77.

When a Rule 35 motion for reduction of sentence has been filed, the defendant's attorney carries the burden of precipitating action on the motion within a reasonable time or otherwise providing adequate justification for a delay. *Day*, 131 Idaho at 186, 953 P.2d at 626. Failure to do so creates the risk that the trial court will lose jurisdiction to consider the motion. *Id*. A significant period of delay is unreasonable, leading to a loss of jurisdiction, where the record is silent as to a viable basis for the delay. *State v. Parvin*, 137 Idaho 783, 786, 53 P.3d 834, 837 (Ct. App. 2002); *State v. Payan*, 132 Idaho 614, 619, 977 P.2d 228, 233 (Ct. App. 1998); *Day*, 131 Idaho at 186, 953 P.2d at 626; *State v. Maggard*, 126 Idaho 477, 479, 886 P.2d 782, 784 (Ct. App. 1994).

Here, the district court did not rule on Wilde's Rule 35 motion until eleven months after the motion was filed. The record does not provide any reasons for the district court's delay.[1] There is nothing in the record to show that either party had requested that the motion be held in abeyance, that the delay was necessitated by the court's schedule, that the delay was occasioned by the need to obtain more information, or that the extended period was otherwise necessary to decide the motion. *See Parvin*, 137 Idaho at 786, 53 P.3d at 837; *Maggard*, 126 Idaho at 479, 886 P.2d at 784. Because there is nothing in the record to show the delay was necessary, we

---

[1]     Wilde argues "the delay is attributable to defense counsel's attempts to obtain additional information." At the hearing on the Rule 35 motion, held eleven months after the motion was filed, Wilde's counsel conceded he was late in bringing the motion for hearing and stated, "I did want some time to pass to see what kind of programs [Wilde] might be able to get into . . . ." This justification, belatedly offered after the delay, does not excuse the delay where there is nothing in the record prior to reflect a need to obtain additional information.

2

must conclude that the eleven-month delay was unreasonable. The order denying Wilde's Rule 35 motion is affirmed on the ground that the district court lost jurisdiction to grant the motion.