# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46159

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 30, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STEVEN DOUGLAS ROCHE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order granting Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Steven Douglas Roche pled guilty to burglary, Idaho Code § 18-1401, and grand theft, I.C. § 18-2407(1)(b)(1). The district court imposed consecutive unified sentences of ten years with three years determinate for burglary and fourteen years with three years determinate for grand theft. Roche filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court granted, reducing the indeterminate portion of the grand theft sentence to ten years. Roche appeals, asserting the district court abused its discretion by declining to further reduce his sentence.

1

The State, relying on *State v. Chapman*, 121 Idaho 351, 825 P.2d 74 (1992), argues that the district court lacked jurisdiction to consider Roche's Rule 35 motion because the district court did not timely rule on the motion. *Chapman*, however, is distinguishable. In that case, the defendant timely filed a Rule 35 motion, but the district court did not deny the motion until approximately twenty-nine months later. *Chapman*, 121 Idaho at 351, 825 P.2d at 74. Then, approximately three months after denying the motion, the district court on reconsideration granted the motion. *Id.* The Idaho Supreme Court reversed. It held that "a district court does not lose jurisdiction to act upon a timely motion under Rule 35 merely because the 120-day period [within which a Rule 35 motion must be filed] expires before the judge reasonably can consider and act upon the motion." *Chapman*, 121 Idaho at 354, 825 P.2d at 77. The Court concluded, however, that "if the trial court does not rule upon the Rule 35 motion within a reasonable time after expiration of the 120-day period, the trial court loses jurisdiction." *Chapman*, 121 Idaho at 354, 825 P.2d at 77. Further, the Court concluded that "when a district judge delays action on a Rule 35(b) motion till [sic] long after the expiration of 120 days, for the purpose or with the likely effect of assuming the function of the parole authorities, his delay is unreasonable." *Chapman*, 121 Idaho at 356, 825 P.2d at 79.

In this case, Roche timely filed his Rule 35 motion 118 days after judgment. A little more than five months later, the district court granted the motion. We do not agree with the State that the district court's ruling was untimely. The record shows the motion's resolution was modestly delayed for purposes of allowing Roche to attend the hearing on the motion and then to submit supporting information. Under the circumstances, these delays were reasonable. Further, there is no indication that the district court's ruling encroached upon the parole commission's authority.

Because we conclude the district court had jurisdiction to act on Roche's Rule 35 motion, we address Roche's argument that the district court abused its discretion by not reducing his sentence further. Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the

defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Roche's sentence, pursuant to his Rule 35 motion, we will only review Roche's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Roche has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on his Rule 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Roche has failed to show such an abuse of discretion. Accordingly, the order of the district court granting Roche's Rule 35 motion is affirmed.